VAL STEPHEN PIERSON, Individually and as Executor of the Estate of NORMA T. PIERSON v. JOHN R. BUYHER and JEFFERSON NATIONAL LIFE INSURANCE COMPANY

No. 117A91

(Filed 7 November 1991)

1. **Insurance § 11 (NCI3d); Limitation of Actions § 4.2 (NCI3d) — life insurance — negligent advice by agent — statute of limitations**

    An action by the beneficiary of a life insurance policy for negligent advice by an insurance agent to the purchaser of the policy was governed by the three-year limitation period of N.C.G.S. § 1-52(c) rather than the limitation period for professional malpractice set forth in N.C.G.S. § 1-15(c).

    **Am Jur 2d, Insurance §§ 138, 1750, 1751.**

2. **Insurance § 11 (NCI3d); Limitation of Actions § 4.2 (NCI3d) — life insurance — permissible change of beneficiary — negligent advice by agent — accrual of action**

    When a life insurance policy contains a provision permitting the policy owner freely to change the beneficiary, a cause of action by the policy beneficiary for negligent advice by an insurance agent to the purchaser of the policy accrues at the time of the insured's death rather than at the time of the alleged negligent advice.

    **Am Jur 2d, Insurance §§ 138, 1750, 1751.**

APPEAL by defendant Jefferson National Life Insurance Company pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 101 N.C. App. 535, 400 S.E.2d 88 (1991), reversing a judgment entered 6 March 1990 by *Friday, J.,* in Superior Court, MACON County. Heard in the Supreme Court 11 September 1991.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon, for plaintiff-appellee.*

*Gwynn G. Radeker for defendant-appellant.*

*Walter E. Brock, Jr., and Carolyn Sprinthall Knaut for North Carolina Association of Defense Attorneys, amicus curiae.*

## PIERSON v. BUYHER

[330 N.C. 182 (1991)]

FRYE, Justice.

The issue in this case is a narrow one: When does a cause of action accrue for negligent advice of an insurance agent when the person bringing the suit is the beneficiary of the life insurance policy issued in reliance on that advice? More specifically, when does the cause of action accrue when the insurance policy contains a provision permitting the policy owner to freely change the beneficiary? The trial judge agreed with defendants that the cause of action accrued at the time of the alleged negligent advice and thus dismissed the suit pursuant to N.C.G.S. § 1-52. A motion for rehearing was denied by the trial judge on 14 March 1990. On appeal by plaintiff, the Court of Appeals reversed, concluding that the cause of action accrued at the death of the insured. We agree with the result reached by the Court of Appeals, but for different reasons. We therefore modify and affirm.

I.

On 22 August 1989, plaintiff, acting in his capacity as executor of his mother's estate and also as sole beneficiary of his mother's life insurance policy, filed a complaint alleging the following:

On 19 December 1985, plaintiff's mother, Norma T. Pierson, contracted with defendant Jefferson National Life Insurance Company ("Jefferson National"), through its agent, defendant John Buyher ("Buyher"),[1] for a life insurance policy in the amount of $400,000. Ms. Pierson told Buyher that the purpose of the policy was to provide liquidity to her estate. Plaintiff, Ms. Pierson's only surviving child, was named the beneficiary of the policy. Ms. Pierson was named owner of the policy. Ms. Pierson died on 16 November 1987. Because Ms. Pierson was named owner of the insurance policy, the policy proceeds were includable in her gross estate and subject to state and federal estate and inheritance taxes. These taxes amounted to $200,000.

Plaintiff alleges that Buyher knew or should have known of the tax consequences of naming Ms. Pierson owner of the insurance policy. Buyher, the complaint alleges, was negligent in that he failed to advise Ms. Pierson of these adverse tax consequences. Ms. Pierson, the complaint alleges, justifiably relied upon Buyher's

---

1. Buyher did not appeal the Court of Appeals' decision.

representations that the life insurance policy would afford liquidity to her estate in the full face amount of the policy.

Defendants answered by alleging, *inter alia*, that the cause of action accrued at the time of the alleged negligent advice, *i.e.*, at the time Ms. Pierson procured the policy, and therefore the action, filed more than three years later, was time barred. The trial judge agreed and dismissed the complaint.

## II.

The Court of Appeals reversed, concluding that the cause of action accrued on 16 November 1987, the date of Ms. Pierson's death. Before reaching the statute of limitations issue, however, the court noted that the plaintiff had a cognizable legal action. *Pierson v. Buyher*, 101 N.C. App. at 536, 400 S.E.2d at 89 (citing *Bradley Freight Lines v. Pope, Flynn & Co.*, 42 N.C. App. 285, 256 S.E.2d 522, *disc. rev. denied*, 298 N.C. 295, 259 S.E.2d 299 (1979)). The court also noted that plaintiff could bring the action as policy beneficiary. *Id.* at 537, 400 S.E.2d at 90 (citing *Pierce v. American Defender Life Ins. Co.*, 62 N.C. App. 661, 303 S.E.2d 608 (1983)). Because the trial court dismissed the action as barred by the statute of limitations, we do not reach the merits of plaintiff's claim. We therefore assume, without deciding, that the Court of Appeals is correct that a beneficiary of a life insurance policy can bring an action for negligent advice of an insurance agent to the purchaser of the policy.

[1] The Court of Appeals, after deciding that plaintiff had alleged a valid cause of action, analogized this case to professional malpractice. Turning its attention to N.C.G.S. § 1-15(c), the statute of limitations for professional malpractice, the court held that defendants had a continuing duty to correct any negligent error they may have committed, a duty which extended to the day Ms. Pierson died. *Id.* at 538, 400 S.E.2d at 90.

We believe the Court of Appeals erred in analogizing this case to professional malpractice. In its answer to the original complaint, Jefferson National cited the three-year statute of limitations contained in N.C.G.S. § 1-52.[2] The trial judge, in dismissing the action, cited N.C.G.S. § 1-52. At oral argument before this Court,

---

2. Buyher, when pleading his statute of limitations defense, did not cite a specific statute.

plaintiff's attorney conceded that Buyher was not a professional and that plaintiff was not a client. The theory of the case, argued plaintiff's attorney, is one of negligent advice, not professional malpractice. We agree that this case does not involve professional malpractice, and that the appropriate statute of limitations is the three-year period of N.C.G.S. § 1-52(5). We therefore disavow the discussion of professional malpractice and N.C.G.S. § 1-15(c) in the Court of Appeals' opinion.

## III.

[2] Assuming that plaintiff has stated a valid cause of action, the issue before this Court is when does the cause of action accrue for the *beneficiary* of this life insurance policy. We first note that an insurance policy is a contract and its provisions govern the rights and duties of the parties. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1978). Surprisingly, the policy at issue in this case is not a part of the record. Plaintiff's argument, however, assumes that the policy includes a provision allowing the policy owner to freely change beneficiaries. Jefferson National does not argue otherwise, and we therefore proceed under that assumption.

Plaintiff argues that the cause of action arose at the time of Ms. Pierson's death because prior to that time his interest in the proceeds of the insurance policy had not vested. We agree. It is well settled that under a contract granting the policy owner the right to change beneficiaries, "the rights of a designated beneficiary do not vest until the death of the insured." *Id.* at 382, 348 S.E.2d at 797. The designated beneficiary has a "mere expectancy," *Harrison v. Winstead*, 251 N.C. 113, 117, 110 S.E.2d 903, 906 (1959), which cannot "ripen into a vested interest before the death of the insured." *Russell v. Owen*, 203 N.C. 262, 266, 165 S.E. 687, 689 (1932). "This is true, because the beneficiary whose right, under the policy, or certificate, may thus be taken away, has only a contingent interest therein, which will not vest until the death of the insured." *Wooten v. Grand United Order of Odd Fellows*, 176 N.C. 52, 56, 96 S.E. 654, 656 (1918).

Jefferson National argues that this case should be governed by the general rule outlined in *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E.2d 508 (1957), *i.e.*, that the cause of action accrues at the time of the wrongful act without regard to when the harmful consequences are discovered. Thus, argues Jefferson National, the ac-

tionable wrong, if any, was committed at the time of the alleged negligent advice. Although we disagree with Jefferson National's conclusion, we agree that *Shearin* helps provide the answer to our question.

> In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises . . . .

> It is sufficient if nominal damages are recoverable for the breach or for the wrong, and it is unimportant that the actual or substantial damage is not discovered or does not occur until later. However, it is well settled that *when an act is not necessarily injurious or is not an invasion of the rights of another, and the act itself affords no cause of action, the statute of limitations begins to run against an action for consequential injuries resulting therefrom only from the time actual damage ensues.*

*Shearin*, 246 N.C. at 367, 98 S.E.2d at 511-12 (citations omitted) (emphasis added).

In this case, plaintiff had no more than an *expectancy* at the time his mother purchased the insurance policy, no more than the *possibility* of future injury. *Maybe* he would be the beneficiary of the insurance policy when his mother died. Maybe he wouldn't. *Maybe* there would be adverse tax consequences at the time of his mother's death. Maybe there wouldn't. *Maybe* he would suffer a monetary loss. Maybe he wouldn't.

Until a party has a real and vested interest in the subject matter of a lawsuit, an action will not lie. The United States Supreme Court faced a similar problem in *Peak v. United States*, 353 U.S. 43, 1 L. Ed. 2d 631 (1957). In *Peak*, petitioner instituted a suit in 1954 to recover under an insurance policy for the death of her son, the insured. Petitioner's son disappeared from his army unit in 1943, and under federal law, a presumption of death would arise upon the continued and unexplained absence of the insured for a period of seven years. *Id.* at 45, 1 L. Ed. 2d at 634. Respondent insurance company argued, *inter alia*, that petitioner's claim was founded on the insured's death in 1943 and was thus barred under the six-year statute of limitations. *Id.*

In rejecting respondent's argument, the Court said: "To compute the six-year limitation period from the date of death would

be to say that the beneficiary's right to recover had expired before she could have successfully prosecuted a lawsuit to enforce that right." *Id.* at 46, 1 L. Ed. 2d at 635. Our situation is similar. To adopt Jefferson National's argument would be to say that plaintiff's right to recover had expired before his rights under the insurance contract had even vested, *i.e.,* "before he could have successfully prosecuted a lawsuit to enforce that right." *Id.* We therefore hold that the cause of action in this case accrued on 16 November 1987, the date of Ms. Pierson's death.

As Justice Douglas said for the Court in *Peak:* "That seems to us to be the common sense of the matter; and common sense often makes good law." *Id.*

The decision of the Court of Appeals is modified and affirmed.

Modified and affirmed.

Justice MARTIN did not participate in the consideration or decision of this case.