VANN DALE HARGETT, CECIL GLENN HARGETT, GERALD KEITH HARGETT, AND FRANCES HARGETT DEASON, PLAINTIFFS-APPELLANTS v. ROBERT L. HOLLAND, DEFENDANT-APPELLEE

No. 9220SC589

(Filed 20 July 1993)

1. **Limitations, Repose, and Laches § 26 (NCI4th)— drafting of will—statute of limitations—accrual after testator's death**

    The statute of limitations did not begin to run on an action for negligently drafting a will until the testator's death. At the time of a will's execution, potential beneficiaries have no vested interests and may not have knowledge that they are to be recipients under a will; furthermore, a testator is free to modify or revoke a will at any time following its execution. Beneficiaries, as potential plaintiffs, would not realize any injury until the testator's death. N.C.G.S. § 1-15(c).

    **Am Jur 2d, Attorneys at Law §§ 219-221.**

2. **Limitations, Repose, and Laches § 26 (NCI4th)— drafting of will—statute of repose—triggering event—death of testator**

    The statute of repose on an action for negligently drafting a will did not begin to run until the testator's death where the defendant attorney's last act was his failure to fulfill his continuing duty to prepare a will properly reflecting the client's testamentary directions. N.C.G.S. § 1-15(c).

    **Am Jur 2d, Attorneys at Law §§ 219-221.**

## HARGETT v. HOLLAND

[111 N.C. App. 200 (1993)]

Appeal by plaintiffs from order entered 27 March 1992 by Judge William H. Helms in Union County Superior Court. Heard in the Court of Appeals 11 May 1993.

*Brown, Hogin & Montgomery, by R. Kent Brown, for plaintiff appellants.*

*Dean & Gibson, by Rodney Dean and Suzanne B. Leitner, for defendant appellee.*

COZORT, Judge.

Plaintiffs instituted this cause of action against defendant alleging that the defendant's negligent drafting of the will of Vann W. Hargett resulted in their receiving less of Vann Hargett's property than Vann Hargett contracted with defendant to provide for in the will. The will had been prepared by defendant in 1978 and executed by Vann Hargett on 1 September 1978. The testator died 7 November 1988. A declaratory judgment action to determine the beneficiaries of the remainder interest in the 80-acre parcel of land at issue was tried in 1990. The matter was resolved by this Court in an unpublished opinion, *Hargett v. Hargett*, 101 N.C. App. 574, 400 S.E.2d 780 (1991). After the decision of this Court in the declaratory judgment action was filed, plaintiffs instituted this action against defendant attorney.

The complaint was filed on 6 November 1991, within three years of the testator's death, but 13 years after the drafting of the will. Defendant moved to dismiss the action pursuant to Rule 12 of the North Carolina Rules of Civil Procedure. The trial court granted defendant's motion in an order dated 27 March 1992, holding that the applicable statute of limitations period had expired prior to the commencement of this action. Plaintiffs appeal. We reverse.

The sole issue presented in this appeal is whether the trial court erred in holding, in an action alleging negligent drafting of a will, that the statute of limitations and the statute of repose in N.C. Gen. Stat. § 1-15(c) begin to run as to the plaintiff-beneficiaries at the time the will was executed.

[1] First, plaintiffs argue the statute of limitations cannot begin to run until after such time as the beneficiaries have suffered injury, *i.e.*, following the testator's death. Plaintiffs contend that prior to the testator's death, they would not have had standing to initiate a negligent drafting claim. We agree.

N.C. Gen. Stat. § 1-15(c) (1983) provides:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the Defendant giving rise to the cause of action[.] . . . Provided further, that in no event shall an action be commenced more than four years from the last act of the Defendant giving rise to the cause of action[.]

In *Pierson v. Buyher*, 330 N.C. 182, 409 S.E.2d 903 (1991), our Supreme Court held that a three-year statute of limitation did not begin to run against an insurance agent for negligent tax advice until the death of the decedent and the actual harm to the beneficiaries of the policy, even when the harm occurred more than three years following the date of the issuance of the policy. The court first noted that the rights of the beneficiary did not vest until the death of the insured. *Id.* at 185, 409 S.E.2d at 905. The court then stated:

> [I]t is well settled that *when an act is not necessarily injurious or is not an invasion of the rights of another, and the act itself affords no cause of action, the statute of limitations begins to run against an action for consequential injuries resulting therefrom only from the time actual damage ensues.*

*Id.* at 186, 409 S.E.2d at 905, (quoting *Shearin v. Lloyd*, 246 N.C. 363, 367, 98 S.E.2d 508, 511-12 (1957) (emphasis in original) (citations omitted) ).

In holding that "[u]ntil a party has a real and vested interest in the subject matter of a lawsuit, an action will not lie," the Supreme Court made this analysis:

> In this case, plaintiff had no more than an *expectancy* at the time his mother purchased the insurance policy, no more than the *possibility* of future injury. *Maybe* he would be the beneficiary of the insurance policy when his mother died. Maybe he wouldn't. *Maybe* there would be adverse tax consequences at the time of his mother's death. Maybe there wouldn't. *Maybe* he would suffer a monetary loss. Maybe he wouldn't.

*Id.* at 186, 409 S.E.2d at 906 (emphasis in original).

This Court's analysis in *Snipes v. Jackson*, 69 N.C. App. 64, 316 S.E.2d 657 (1984), also lends support to plaintiff's position. In *Snipes*, we held that the statute of limitations in N.C. Gen. Stat. § 1-15(c) did not begin to run against an attorney who gave a client negligent tax advice until the client was assessed by the Internal Revenue Service. In so holding, the *Snipes* Court explained:

> [a]lthough the statute of limitations set out in G.S. 1-15(c) begins to run at the time of the last negligent act or breach of some duty, and not the time actual damage is discovered or fully ascertained, this statute still requires as an element of the cause of action for malpractice that plaintiff suffer some loss or injury, whether it be apparent or hidden. Plaintiff's cause of action against defendants was not complete and did not fully arise until he was assessed by the I.R.S.

*Id.* at 71, 316 S.E.2d at 661.

We find no reason to hold contrary in this case to the Supreme Court's holding in *Pierson* and this Court's opinion in *Snipes*. At the time of a will's execution, potential beneficiaries have no vested interests and may not have knowledge that they are even to be recipients under a will. Furthermore, a testator is free to modify or revoke a will at any time following its execution. It is clear that beneficiaries, as potential plaintiffs, would not realize any injury until the testator's death.

Our decision follows a majority of jurisdictions which have addressed this issue and have found that a cause of action in favor of a beneficiary to a will does not accrue until the testator's death. *See, e.g., Heyer v. Flaig*, 70 Cal. 2d 223, 74 Cal. Rptr. 225, 449 P.2d 161 (1969); *Price v. Holmes*, 198 Kan. 100, 422 P.2d 976 (1967); *Jaramillo v. Hood*, 93 N.M. 433, 601 P.2d 66 (1979); *McLane v. Russell*, 159 Ill. App. 3d 429, 512 N.E.2d 366 (1987); *Shideler v. Dwyer*, 275 Ind. 270, 417 N.E.2d 281 (1981).

We hold that the statute of limitations did not begin to run until the testator's death. We now turn to the issue of when the four-year statute of *repose* begins to run and whether the plaintiff's action was barred by the statute of *repose*.

[2] The statute of repose provides in pertinent part, "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c). The triggering event for the statute of repose is

therefore the last act or failure to act which becomes the basis for the malpractice suit. For purposes of this specific legal malpractice action concerning the negligent drafting of a will, we find the triggering event or "last act" of defendant occurred at the testator's death. The defendant's last act in this case was his failure to fulfill his continuing duty to prepare a will properly reflecting the client's testamentary directions.

We find the facts in the case below analogous to those in *Sunbow Indus., Inc. v. London*, 58 N.C. App. 751, 294 S.E.2d 409, *disc. review denied*, 307 N.C. 272, 299 S.E.2d 219 (1982). In *Sunbow*, the plaintiff sued the defendant attorney for professional malpractice for defendant's negligent failure to perfect the plaintiff's security interest in certain collateral. This Court held that the attorney had a continuing duty to file a financing statement to protect his client's interest in the collateral. The Court stated:

> We believe that an attorney who represents a party as alleged in this action has a duty to file the financing statement after the transaction is closed, which duty continues so long as the filing of the financing statement would protect some interest of his client. If the financing statement in this case had been filed a sufficient period of time prior to the date of filing of the petition in bankruptcy, the plaintiff would not have lost his lien. It is on that date that the [statute] began to run.

*Id.* at 753, 294 S.E.2d at 410. Although we note the *Sunbow* case addresses the triggering period for the statute of limitations rather than the statute of repose, we find the reasoning pertaining to the attorney's continuing duty applicable to the present case. The failure of defendant to correct an error in the will he prepared for the testator was the cause of plaintiffs' injury. It is well-settled that an attorney who engages in the practice of law

> is answerable in damages for any loss to his client which proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly situated, or from the omission to use reasonable care and diligence, or from the failure to exercise in good faith his best judgment in attending to the litigation committed to his care.

*Hodges v. Carter*, 239 N.C. 517, 520, 80 S.E.2d 144, 146 (1954) (citations omitted).

**HARGETT v. HOLLAND**

[111 N.C. App. 200 (1993)]

The crucial question here is whether the attorney's *failure to act before the testator's death* qualifies as the "last act" which triggers the running of the statute of repose. We hold that it does. In so holding, we note that the language of N.C. Gen. Stat. § 1-15(c) itself contemplates the failure to act as a triggering device: "Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of *or failure to perform professional services* shall be deemed to accrue at the time of the occurrence of the last act of the defendant . . . ." (Emphasis added.)

In the present case, had defendant corrected the mistake in the will any time before the testator's death, he would have met the continuing duty imposed on him to correct any error in the document. Here defendant's alleged failure to make such a correction resulted in a breach of duty to his client at the time of the testator's death. Under these narrow circumstances, we find the four-year statute of repose does not begin to run until the testator's death. Accordingly, the plaintiffs' cause of action would be barred four years following the death of the testator, and thus is not barred in this case because the action was filed within four years of the testator's death.

We hold that the statute of limitations and the statute of repose in § 1-15(c), which govern an action alleging negligent drafting of a will, begin to run at the death of the testator. The trial court's order to the contrary is reversed, and the matter is remanded for further proceedings.

Reversed and remanded.

Judges WELLS and JOHN concur.