JEFFERSON-PILOT LIFE INSURANCE COMPANY v. ANN L. SPENCER

No. 224PA93

(Filed 8 April 1994)

1. **Unfair Competition § 1 (NCI3d) — life insurance — insurer's statements as to identity of beneficiary — not an unfair trade practice**

   The action of plaintiff insurance company was not an unfair or deceptive practice within the meaning of N.C.G.S. § 58-63-15 where a predecessor in interest issued a life insurance policy to John Spencer with Ann Spencer, his wife, as beneficiary on 18 April 1974; John Spencer changed the beneficiary to Winston Steam Laundry, Inc. on 21 June 1974 and shortly thereafter transferred ownership of the policy to the corporation; 570 shares of the corporation's stock were owned by John Spencer, the rest by members of his family; Spencer called his agent and asked about the beneficiary of the policy in 1979 and 1981; the answer both times was Ann Spencer; and John Spencer was insurable until a malignant melanoma was removed from his chest in 1982. The misrepresentation of who was the owner and who was the beneficiary did not constitute an unfair practice under N.C.G.S. § 58-63-15(1) because that section is directed at false statements connected with the sale of insurance policies. An insurance company gains no advantage if it incorrectly advises a person as to who is the owner or beneficiary of a policy. *Barber v. Woodmen of the World Life Ins. Society,* 95 N.C. App. 340, is overruled insofar as it is inconsistent with this case.

   **Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 714, 735.**

   **Coverage of insurance transactions under state consumer protection statutes. 77 ALR4th 991.**

2. **Insurance § 945 (NCI4th) — life insurance — erroneous statement as to identity of beneficiary — negligent misrepresentation**

   A claim for negligent misrepresentation was improperly dismissed where the insured purchased life insurance and named his wife as beneficiary, subsequently changed the beneficiary, called his agent on two occasions some years later to inquire as to who was the beneficiary, and was given erroneous infor-

mation. It does not unreasonably extend the liability of an insurance company to make it liable to the widow of an insured if the insurer negligently supplies information to the insured which causes the insured not to provide insurance for his wife.

**Am Jur 2d, Insurance §§ 2009 et seq.**

3. **Limitations, Repose, and Laches § 37 (NCI4th)— life insurance — beneficiary — erroneous information — statute of limitations**

A counterclaim against an insurance company for negligent misrepresentation of the beneficiary of an insurance policy was not barred by the statute of limitations of N.C.G.S. § 1-52(5) where John Spencer made inquiries of plaintiff concerning his insurance policies in September 1979 and January 1981; he was erroneously informed on both occasions that his wife, Ann Spencer, was the beneficiary; John Spencer died on 10 July 1988; there is no indication of any other communication between plaintiff and defendant which would have alerted John Spencer to the error; John and Ann Spencer did not know of the misrepresentation prior to John's death; plaintiff filed a complaint for interpleader relating to the proceeds on 16 November 1990; and Ann Spencer counterclaimed on 20 February 1990. The claim does not accrue until the claimant suffers harm because of the misrepresentation and the claimant discovers the misrepresentation. The action here did not accrue before John Spencer's death on 10 July 1988 and the counterclaim filed on 20 February 1990 was therefore brought within three years of the accrual of the cause of action. N.C.G.S. § 1-52(9).

**Am Jur 2d, Limitation of Actions §§ 98, 126; Monopolies, Restraints of Trade, and Unfair Trade Practices § 713.**

*When statute of limitations commences to run on action under state deceptive trade practice or consumer protection acts.* **18 ALR4th 1340.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 110 N.C. App. 194, 429 S.E.2d 583 (1993), reversing in part and affirming in part the granting of summary judgment for the plaintiff by Hairston, J., at the 8 October 1991 Civil Session of Superior Court, Forsyth County. Both

parties petitioned for discretionary review. Heard in the Supreme Court 7 December 1993.

This action was commenced by the plaintiff pursuant to N.C.G.S. § 1A-1, Rule 22, to determine the right to the proceeds of a life insurance policy. The plaintiff interpleaded Winston Steam Laundry, Incorporated and Ann L. Spencer, alleging that each one claimed the proceeds of the policy, and praying that it be allowed to pay the proceeds of the policy to the clerk of superior court and be discharged of any further liability to either of the defendants.

Winston Steam Laundry and Ann Spencer filed answers. Mrs. Spencer pled an estoppel of the plaintiff to deny that she is entitled to the proceeds because she and John Spencer, her husband, had relied to her detriment on representations by agents of the plaintiff during the lifetime of John Spencer that she was the beneficiary of the policy. Mrs. Spencer also counterclaimed, claiming an unfair practice, fraud, negligence, and breach of contract. Mrs. Spencer made one of the plaintiff's agents a third party defendant and alleged several claims against him. She has dismissed all claims against the agent.

The plaintiff made a motion for summary judgment. The papers filed in support of and in opposition to the motion showed that on 18 April 1974, Pilot Life Insurance Company, a predecessor in interest of the plaintiff, issued a life insurance policy to John K. Spencer, Jr. The defendant Ann L. Spencer, who was the wife of John Spencer, was the beneficiary on the policy. On 21 June 1974, John Spencer changed the beneficiary to Winston Steam Laundry, Incorporated and shortly thereafter transferred ownership of the policy to the corporation. There were 2,502 shares of stock outstanding in the corporation, of which John Spencer owned 570 shares. The rest of the stock was owned by members of John Spencer's family, including his mother.

In September 1979, John Spencer called his servicing agent with plaintiff and asked him who was the beneficiary of the policy. The servicing agent told Mr. Spencer that Ann Spencer was the beneficiary. John Spencer made a similar inquiry with the same result in January 1981.

The premiums on the policy were waived on 18 April 1979 based on John Spencer's condition which was diagnosed as diabetes, with peripheral neuropathy. In April 1982, a malignant melanoma

was removed from his left chest area. In December 1983, he had a stroke which resulted in some paralysis and he was diagnosed as having renal cell carcinoma. He died in 1988. There was evidence that John Spencer was insurable until he was diagnosed with malignant melanoma in April 1982.

The superior court allowed the plaintiff's motion for summary judgment. The court ordered the proceeds from the policy paid to Winston Steam Laundry and dismissed Mrs. Spencer's defense and counterclaims. Mrs. Spencer appealed the dismissal of her counterclaims to the Court of Appeals. The Court of Appeals reversed the granting of summary judgment for the plaintiff on Mrs. Spencer's claim for an unfair and deceptive trade practice. It affirmed the summary judgment against her on all her other counterclaims. We allowed petitions for discretionary review by both parties. The plaintiff has appealed the Court of Appeals' holding that it was error for the superior court to dismiss Mrs. Spencer's claim for an unfair and deceptive practice. The defendant Ann L. Spencer appeals from the ruling by the Court of Appeals that her claim for negligent representation was properly dismissed.

*Bell, Davis & Pitt, P.A., by William Kearns Davis, Stephen M. Russell and D. Anderson Carmen, for plaintiff-appellant and appellee.*

*Bowden & Rabil, P.A., by S. Mark Rabil, for defendant Ann L. Spencer, appellant and appellee.*

WEBB, Justice.

[1]   We deal first with the defendant's claim for unfair and deceptive acts or practices in the business of insurance. N.C.G.S. § 58-63-15 provides in part:

The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

(1) Misrepresentations and False Advertising of Policy Contracts.—Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any

> false or misleading statement as to the dividends or
> share or surplus previously paid on similar policies,
> or making any misleading representation or any
> misrepresentation as to the financial condition of any
> insurer, or as to the legal reserve system upon which
> any life insurer operates, or using any name or title
> of any policy or class of policies misrepresenting the
> true nature thereof, or making any misrepresentation
> to any policyholder insured in any company for the
> purpose of inducing or tending to induce such
> policyholder to lapse, forfeit, or surrender his insurance.

N.C.G.S. § 58-63-15(1) (1991). We have held that a violation of N.C.G.S. § 58-63-15(1) is an unfair and deceptive practice under N.C.G.S. § 75-1.1 establishing a claim under N.C.G.S. § 75-16. *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 343 S.E.2d 174 (1986).

The first question posed by this appeal is whether the misrepresentation to John Spencer by the plaintiff as to who was the owner and who was the beneficiary of the policy constituted an unfair practice under N.C.G.S. § 58-63-15(1). We hold that it did not.

This subsection is entitled "Misrepresentations and False Advertising of Policy Contracts." In keeping with this subtitle and reading the subsection as a whole, we believe it is directed at false statements connected with sale of insurance policies. An insurance company gains no advantage if it incorrectly advises a person as to who is the owner or beneficiary of a policy. It could gain an unfair advantage if it misrepresented to a potential customer the terms, benefits or advantages of a policy as well as dividends paid on the policy. We believe this is the evil at which this subsection is aimed. The "terms" of a policy, as used in this subsection, deal with the conditions and limits of policies. They do not refer to who is the owner or beneficiary of the policy. The "benefits" of the policy refer to advantages to policy holders. They do not refer to who is to receive the benefits.

This case is distinguishable from *Pearce*, which dealt with a misrepresentation as to what coverage the beneficiary would receive in the event the insured was killed while operating a military aircraft. The insurer in that case misrepresented the terms and benefits of the policy. We hold that the action of the plaintiff

in this case was not an unfair or deceptive practice within the meaning of N.C.G.S. § 58-63-15. Insofar as *Barber v. Woodmen of the World Life Ins. Society*, 95 N.C. App. 340, 382 S.E.2d 830 (1989), is inconsistent with this case, it is overruled.

[2] We consider next the defendant Ann L. Spencer's claim that there was a negligent misrepresentation by plaintiff to John Spencer which was the proximate cause of damage to her. We have recognized claims for negligent misrepresentation. *Raritan River Steel Co. v. Cherry, Beckaert & Holland*, 322 N.C. 200, 367 S.E.2d 609 (1988); *Freight Lines v. Pope, Flynn and Co.*, 42 N.C. App. 285, 256 S.E.2d 522, *disc. review denied*, 298 N.C. 295, 259 S.E.2d 299 (1979). In *Raritan*, we held that an accountant could be held liable for negligent misrepresentation to those who he knows and intends will rely on his opinion or who he knows his client intends will so rely.

The Court of Appeals, relying on *Raritan*, said,

> Although defendant presented evidence that Jefferson-Pilot in the course of its business failed to exercise care in communicating information to John, who was justified in expecting accurate information, there is no evidence that Jefferson-Pilot knew the information would be relied upon by defendant or that defendant did in fact rely upon the information to her harm.

*Jefferson-Pilot Life Ins. Co. v. Spencer*, 110 N.C. App. 194, 205, 429 S.E.2d 583, 589. The Court of Appeals affirmed the summary judgment entered against defendant based on this statement.

*Raritan* dealt with the liability of an accounting firm for supplying inaccurate information. In order to protect accountants from liability that unreasonably exceeds the bounds of their real undertaking, we restricted those who may sue them to those persons who accountants know will rely on their opinions or who they know their clients intend will rely on their opinions. *Raritan River Steel Co. v. Cherry, Beckaert & Holland*, 322 N.C. 200, 214, 367 S.E.2d 609, 617. The Court of Appeals relied on this holding in deciding this issue. We do not believe such a restriction is necessary in this case. It does not unreasonably extend the liability of an insurance company to make it liable to the widow of an insured if the insurer negligently supplies information to the insured which causes the insured not to provide insurance for his wife. The insurer is under a duty to the wife not to provide false information to the insured.

JEFFERSON-PILOT LIFE INS. CO. v. SPENCER

[336 N.C. 49 (1994)]

Although we determine there was evidence of negligence, we must determine whether there was sufficient evidence that this negligence was the proximate cause of damage to the defendant Ann Spencer to survive the motion for summary judgment. When a party charged with negligence moves for summary judgment and makes a forecast of evidence which would entitle him to a directed verdict if it were introduced at trial, the nonmovant must offer a forecast of evidence which if offered at trial would defeat a motion for a directed verdict. If the nonmovant does not do so, summary judgment against him should be allowed. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979).

If there is not sufficient evidence for a jury to determine that the plaintiff's negligence prevented John Spencer from either changing the beneficiary on the life insurance policy or procuring other life insurance to replace it, the negligence of the plaintiff did not damage Ann Spencer.

The plaintiff filed affidavits from all stockholders of the Laundry other than John Spencer in which each affiant said he or she would not have agreed to change the beneficiary on the policy or transfer ownership of the policy. There was no evidence to the contrary. This forecast of evidence would require a directed verdict for the plaintiff on the question of John Spencer's ability to change the beneficiary of the policy if he had been given the proper information as to the identity of the beneficiary. The plaintiff's negligence did not damage Ann Spencer in this respect.

As to John Spencer's ability to procure other life insurance, the evidence showed that he was insurable, although possibly at a higher rate, from the time he received the misinformation in September 1979 until he had a malignant melanoma removed from his chest in April 1982. In 1979, the laundry ceased operations due to "economic difficulties." Ann Spencer testified by deposition that she knew very little about her husband's financial affairs, that "John Kerr [Spencer] had had some stock . . . that he did get the dividends from . . . . It wasn't a lot . . . . [H]e had some [R.J. Reynolds stock]." John and Ann Spencer had on numerous occasions borrowed money from Ann Spencer's mother. They "didn't have a lot of expenses [from about 1979 forward] . . . because the children were all through school, and they were all self-supporting[.]"

On this forecast of evidence, indulgently regarding, as we must, Ann Spencer's forecast, *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 350, 363 S.E.2d 215, 217, *disc. review denied*, 322 N.C. 111, 367 S.E.2d 910 (1988), we cannot hold that it is not a jury question as to whether John Spencer could have purchased other insurance.

[3] Plaintiff has pled a statute of limitations defense to the negligent misrepresentation claim. Since this claim is one for negligent misrepresentation of an insurance contract, it is governed by the statute of limitations set out in N.C.G.S. § 1-52(5), which states that an action must be brought "[w]ithin three years . . . [f]or criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated." *Pierson v. Buyher*, 330 N.C. 182, 409 S.E.2d 903 (1991).

N.C.G.S. § 1-52(9) further provides: "[f]or relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." This applies to a claim for negligent misrepresentation against an insurance company since that claim is essentially one for mistake. *Cf. Swartzberg v. Insurance Co.*, 252 N.C. 150, 156-57, 113 S.E.2d 270, 276-77 (1960) (action by insurance company to rescind contract on ground of material misrepresentation by insured in insurance application governed by N.C.G.S. § 1-52(9), thus using discovery rule and following "almost unanimous consensus of judicial opinion"). This result is further compelled since we do not think our legislature intended the negligence of an insurer in providing false information to enable it to benefit from the passage of time caused by the negligent act itself. In the situation where an insured makes reasonable efforts to identify the beneficiary under an insurance policy, this reasoning is especially applicable.

While an action for negligent misrepresentation of an insurance contract does not accrue before the misrepresentation is discovered, neither does it accrue until the misrepresentation has caused claimant harm. *Pierson v. Buyher*, 330 N.C. 182, 409 S.E.2d 903. Ordinarily, when the plaintiff is the beneficiary of the policy, such harm does not occur until the death of the insured when the insured has the power while living to change the beneficiary. *Id.* In some cases, however, the harm may occur sooner than this. For example

in the instant case, the harm to the beneficiary, Ann Spencer, might have occurred when the insured, John Spencer, became uninsurable.

In any event, for the purpose of applying the statute of limitations in these kinds of circumstances, the claim does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation and second, the claimant discovers the misrepresentation.

In September 1979 and January 1981 John Spencer made inquiries of plaintiff concerning his insurance policies. On both occasions he was informed that his wife, Ann Spencer, was the beneficiary of the policy at issue in this case. The parties agree that this was error. On 10 July 1988 John Spencer died. There is no indication of any other communication between plaintiff and defendants during this time period that would have alerted John Spencer to plaintiff's error. On 16 November 1990 plaintiff insurance company filed a complaint for interpleader relating to the insurance proceeds. Ann Spencer counterclaimed on 20 February 1991.

This forecast of evidence indicates that John and Ann Spencer did not know of the misrepresentation prior to John Spencer's death. Thus, the action did not accrue before John's death on 10 July 1988. The counterclaim filed on 20 February 1991 was therefore brought within three years of the accrual of the cause of action. Thus, Ann Spencer's claim is not barred by the statute of limitations.

For the reasons stated in this opinion, we reverse the holding by the Court of Appeals that the claim for an unfair and deceptive practice should not have been dismissed. We also reverse the holding of the Court of Appeals that the claim for negligent misrepresentation was properly dismissed.

REVERSED AND REMANDED.