KEVIN RAY YOUNG, BY & THROUGH HIS GUARDIAN AD LITEM, MYRA YOUNG, & GENE RAY YOUNG & MYRA YOUNG, INDIVIDUALLY, PLAINTIFFS, v. FUN SERVICES-CAROLINA, INC., MOONWALK INTERNATIONAL, INC. AND AGRONOMICS INTERNATIONAL, INC., DEFENDANTS

No. COA95-585

(Filed 2 April 1996)

1. **Games, Amusements, and Exhibitions § 24 (NCI4th)— injury sustained in moonwalk—insufficiency of evidence of proximate cause**

In an action to recover for personal injuries sustained by plaintiff twelve-year-old child who was playing in an inflated "moonwalk" operated by defendant, the trial court properly entered summary judgment for defendant where the depositions of plaintiff and his mother satisfied defendant's burden of showing that an essential element of plaintiffs' claim was lacking— proximate cause, since both stated that they could not say with certainty what caused the accident; nothing in the record allowed the inference that a shifting of the moonwalk caused the accident; and the mere fact that the moonwalk had shifted earlier in the day, without more, was not enough to satisfy the definition of proximate cause.

**Am Jur 2d, Amusements and Exhibitions § 94.**

**Liability to patron of scenic railway, roller coaster, or miniature railway. 66 ALR2d 689.**

**Liability for injury to one on or near merry-go-round. 75 ALR2d 792.**

**Liability of owner, lessee, or operator for injury or death on or near loop-o-plane, ferris wheel, miniature car, or similar rides. 86 ALR2d 350.**

2. **Trial § 64 (NCI4th)— discovery allegedly not complete— grant of summary judgment proper**

The trial court did not abuse its discretion by granting summary judgment when discovery was incomplete where plaintiffs had fully eleven months between the filing of their complaint and the granting of summary judgment. N.C.G.S. § 1A-1, Rule 56(f).

**Am Jur 2d, Summary Judgment §§ 12, 20.**

Appeal by plaintiffs from judgment entered 16 March 1995 by Judge Catherine B. Eagles in Davidson County Superior Court. Heard in the Court of Appeals 26 February 1996.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiffs-appellants.*

*Hutchins, Doughton & Moore, by Kent L. Hamrick & David L. Hall, and Petree Stockton, by Richard J. Keshian & Christopher C. Fox, for defendants-appellees.*

WYNN, Judge.

On 20 April 1991, twelve year old plaintiff Kevin Young suffered an eye injury while playing inside an amusement device called a moonwalk, leased by defendant Fun Services-Carolina, Inc. (hereinafter Fun Services) for use during a festival at Welcome Elementary School. A moonwalk is an inflatable vinyl device that resembles a large air pillow, and is inflated in order that children may jump up and down on it like a trampoline. It is enclosed by a canvas shell, with a flap for entry and exit.

On the day of the injury, Myra Young (Kevin's mother) served as the initial superviser for the moonwalk. Chuck Garner, a Fun Services employee, instructed her to—allow only children of about the same size in the moonwalk at any given time; not allow sharp objects in the moonwalk; require the children to take off their shoes before entering the moonwalk; not allow rough playing; generally supervise the children; and make sure that if "[the children] bounced and the moonwalk slid over, to call them and to let them slide it back over because it was sliding up against the other booths."

While supervising the children playing on the moonwalk, Mrs. Young noticed that it slid across the floor to the point that Mr. Garner had to move the moonwalk back to its original position. Later, after Mrs. Young left and another parent supervised the moonwalk, Kevin and three other boys went into the moonwalk. While they all jumped and played in the moonwalk, Kevin fell and struck his left eye socket on the back of another boy's head. Following treatment and two surgeries, he retains a permanent disability which results in double vision and other visual defects.

Plaintiffs commenced this action contending that Fun Services negligently failed to secure the moonwalk in violation of administrative regulations, failed to warn the participants of the danger involved

and the proper precautions necessary, and failed to have a trained operator during use of the moonwalk in violation of N.C. Gen. Stat. § 95-111.11 (1993). Fun Services denied negligence and asserted contributory negligence on the part of Kevin and Mrs. Young. Following several months of discovery, Fun Services moved for summary judgment. In a judgment dated 16 March 1995, Judge Catherine B. Eagles granted Fun Services' motion. Plaintiffs appeal.

---

[1] On appeal, plaintiffs contend that the trial court erred in granting summary judgment. We affirm.

In *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 452 S.E.2d 233 (1994) our Supreme Court stated that a defendant moving for summary judgment may prevail by affirmatively showing by affidavits or depositions offered by any party, or other devices permitted by Rule 56, that an essential element of a plaintiff's claim is lacking. *Id.* at 357-58, 452 S.E.2d at 244 (citations and internal quotation marks omitted); N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990).

The essential elements of negligence are: Duty, breach of duty, proximate cause, and damages. *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). In this case, the parties contest only the element of proximate cause. Proximate cause is defined as "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred." *Adams v. Mills*, 312 N.C. 181, 192, 322 S.E.2d 164, 172 (1984) (internal quotation marks omitted). The initial issue in the case before us is whether defendants met their burden of affirmatively showing that proximate cause was lacking in plaintiffs' claim.

In *Holloway*, our Supreme Court allowed the defendant to meet its burden by showing that the plaintiff's deposition affirmatively demonstrated that an essential element of the plaintiff's claim was lacking. Likewise, in the instant case, defendants rely upon plaintiffs' depositions for an affirmative showing that the element of proximate cause is lacking. Plaintiff Kevin's deposition states:

Q.   Tell me what happened inside the moonwalk [at the time of the accident].

A.   One of the boys tried to jump off the wall, off the side of the wall, and he fell down, and it kind of knocked everybody else down.

. . .

Q.   Well, you say a boy jumped off the side of the wall. How did he do that? Help me understand that.

A.   Because the walls were air filled, but they were thin, and he just tried to jump off the side.

Q.   The walls would have been at a right angle to the floor, right?

A.   Yes.

Q.   How could he have jumped off the wall?

A.   He just jumped up and tried to put his feet on the wall and bounce off the wall.

Q.   How many times did he do that?

A.   That was the first time.

Q.   What happened when he did that?

A.   He knocked somebody down, and then they kind of knocked everybody else down.

. . .

Q.   So the boy jumped off the side of the wall, and then he bumped into another child?

A.   Yes.

Q.   What happened to that other child?

A.   He fell into Philip.

Q.   The other child fell into Philip?

A.   Yes, and Philip fell, and I fell on top of him.

. . .

Q.   Did you trip?

A.   No, whenever Philip fell, he fell into me.

. . .

Q.   Was there anything inside that moonwalk that amounted to a vision obstruction as—and I'm assuming it wasn't foggy or cloudy inside that thing.

**YOUNG v. FUN SERVICES-CAROLINA, INC.**

[122 N.C. App. 157 (1996)]

A.  No.

. . .

Q.  So you could see fine in there?

A.  Yes.

. . .

Q.  Did you hit something when you fell?

A.  Yes, I hit the boy's head.

. . .

Q.  Had you seen this moonwalk moving on the floor before you got inside it?

A.  No, I really didn't pay any attention.

Q.  So if the moonwalk moved on the floor, you weren't aware of it before you got inside of it?

A.  No.

. . .

Q.  [M]y question to you is, as we sit here today and as you're under oath, are you certain how your accident happened?

A.  Not exactly.

Furthermore, plaintiff Myra Young's deposition indicates that the moonwalk was not secured and moved slowly across the floor in reaction to jumping by the boys. She requested and received assistance from an employee of Fun Services in moving the moonwalk back to its original position. Significantly, she stated that she had no personal knowledge of how Kevin's accident occurred, since she did not witness the accident.

We find that the depositions of Myra and Kevin Young satisfy the defendant's burden of showing that an essential element of plaintiffs' claim was lacking—proximate cause. Nothing in the record demonstrates that the moonwalk shifted immediately before Kevin's accident. Nothing in the record allows the inference that a shifting of the moonwalk caused Kevin's accident. The mere fact that the moonwalk shifted earlier in the day, without more, is not enough to satisfy our Supreme Court's definition of proximate cause set forth in *Adams*, 312 N.C. 181, 322 S.E.2d 164.

Since Fun Services successfully shifted the burden to plaintiffs, they were required to "produce a forecast of evidence demonstrating that they will be able to make out at least a *prima facie* case at trial." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992); *See also Jefferson-Pilot Life Ins. Co. v. Spencer*, 336 N.C. 49, 55, 442 S.E.2d 316, 319 (1994) ("holding that [w]hen a party charged with negligence moves for summary judgment and makes a forecast of evidence which would entitle him to a directed verdict if it were introduced at trial, the nonmovant must offer a forecast of evidence which if offered at trial would defeat a motion for a directed verdict"). Plaintiffs offer no such evidence. Rather, plaintiffs' evidence as presented would require speculation or conjecture on the part of the factfinder, which is impermissible. "Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, [summary judgment] is proper." *Roumillat*, 331 N.C. at 68, 414 S.E.2d at 345; *See Gardner v. Gardner*, 334 N.C. 662, 665, 435 S.E.2d 324, 327 (1993) ("holding that [s]ummary judgment . . . is proper where the evidence . . . establishes that the alleged negligent conduct was not the . . . proximate cause of [plaintiff's] injury").

[2] Finally, plaintiffs argue that the trial court improperly granted summary judgment because discovery was incomplete. Plaintiffs assert that they may be able to procure deposition testimony of the other boys in the moonwalk at the time of the accident, which testimony may produce *prima facie* evidence of proximate cause.

N.C.G.S. § 1A-1, Rule 56(f) states:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Assuming *arguendo* that discovery was not complete, the court below was permitted to grant summary judgment in its discretion. "A trial court is not barred in every case from granting summary judgment before discovery is completed." *North Carolina Council of Churches v. State*, 120 N.C. App. 84, 92, 461 S.E.2d 354, 359 (1995); *Bryant v. Adams*, 116 N.C. App. 448, 461, 448 S.E.2d 832, 838-39 (1994), *disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995).

**IN RE YOUNG**

[122 N.C. App. 163 (1996)]

"Further, the decision to grant or deny a continuance is solely within the discretion of the trial judge and will be reversed only when there is a manifest abuse of discretion." North Carolina Council of Churches, 120 N.C. App. at 92, 461 S.E.2d at 359.

Plaintiffs filed their complaint on 18 April 1994. Summary judgment was granted in a judgment filed 16 March 1995, fully eleven months later. There is no evidence in the record that the trial judge abused her discretion in granting the motion for summary judgment, and we hold that she did not.

The decision of the trial court is,

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.