**HARDEE'S FOOD SYSTEMS, INC., Plaintiff,**

v.

**Fred N. OREEL, Defendant.**

**No. 5:98–CV–193–BO 2.**

United States District Court, E.D. North Carolina, Western Division.

Nov. 13, 1998.

343

Bettie Kelley Sousa, Smith, Debnam, Hibbert & Pahl, Raleigh, NC, for Hardee's Food Systems, Inc.

Michael E. Weddington, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for Fred N. Oreel.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment on the Promissory Note and Plaintiff's Motion for Partial Summary Judgment on the Defendant's Counterclaim, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the parties' arguments, and for the reasons discussed below, the Court will deny Plaintiff's Motion as to the promissory note and grant, in part, Plaintiff's Motion as to Defendant's counterclaim.

## BACKGROUND

The Plaintiff, Hardee's Food Systems, Inc. ("Hardee's"), operates and licenses others to operate quick service restaurants using Hardee's trademark, service marks, and methods of operation. Defendant Fred N. Oreel ("Oreel") is a former Hardee's licensee who, in April 1996, operated approximately eighty Hardee's restaurants in Arkansas, Illinois, Michigan, Minnesota, and Wisconsin. At that time, Hardee's and Oreel were in dispute over money Oreel allegedly owed to Hardee's and its affiliates for, among other things, royalty and advertising fees required by license agreements between the parties.

Between April and July 1996, Oreel and Hardee's executed several documents which apparently were intended to resolve the parties' dispute over Oreel's arrearage. The parties entered into an asset purchase agreement by which, among other things, Hardee's agreed to purchase a number of Oreel's restaurants and Oreel agreed to execute upon closing (a) a general release in favor of Hardee's and (b) a replacement note requiring Oreel to pay certain remaining debts to Hardee's.

Oreel executed a general release in favor of Hardee's on June 19, 1996. A replacement note, in the amount of $3,705,247.58, was executed by Oreel in July 1996. The note required payment by December 31, 1996, but Oreel has not paid any money to Hardee's pursuant to the note.

On March 16, 1998, Hardee's filed a complaint against Oreel seeking, among other things, payment of the amount due on the

replacement note. In his answer, Oreel asserted a counterclaim containing eight claims for relief, including breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, violation of statute, and tortious interference with contract and prospective business advantage.

On June 8, 1998, Hardee's moved for summary judgment in its action for money due on the promissory note. That same day, Hardee's also moved for partial summary judgment on Oreel's counterclaim. Oreel responded on July 1, 1998 to each of Hardee's motions, and Hardee's replied on July 27, 1998. The motions are now ripe for adjudication.

## ANALYSIS

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A movant is entitled to summary judgment when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmovant. *See id.* at 587, 106 S.Ct. 1348. However, a motion for summary judgment should not be granted "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Campbell v. Hewitt, Coleman, & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir.1994) (citations omitted).

### 1. The Replacement Note

Hardee's first seeks summary judgment in its action on the note. Hardee's argues that the language of the note is clear in its requirement that Oreel pay the sum indicated, and that Oreel has provided only "vague and conclusory defenses" for his non-payment which are insufficient to defeat a motion for summary judgment.

Oreel has come forward with evidence that the note was part of a larger agreement, which allegedly called for repayment of the note out of proceeds from future sales of Oreel's other restaurants and which allegedly contemplated rolling the note over to coordinate with those sales. In addition, Oreel has presented the Court with evidence to support his claim that Hardee's actions interfered with his attempts to make future restaurant sales from whose proceeds repayment of the note was to come.

■ Hardee's claims that Oreel's assertions are "not admissible to contradict the clear and unambiguous language of the note," because of the parol evidence rule. However, "[p]romissory notes are not generally subject to the parol evidence rule to the same extent as other contracts." *Borden, Inc. v. Brower*, 284 N.C. 54, 199 S.E.2d 414, 420–21 (N.C.1973). "If collateral terms and conditions had been agreed upon, they may be omitted from the note itself to insure negotiability. Accordingly, ... parol evidence as between the original parties may well be admissible so far as it is not inconsistent with the express terms of the note." *Id.*

■ Because there exist genuine issues of fact as to the conditions and collateral terms of the note, and because such facts are material for the resolution of the dispute, summary judgment would not be proper at this time. Hardee's Motion for Summary Judgment on the Promissory note must be denied.

### 2. Oreel's Counterclaim

Hardee's also seeks partial summary judgment as to Oreel's counterclaim. The basis for Hardee's motion is the general release executed by Oreel on June 19, 1996. Hardee's requests that the Court dismiss all claims in Oreel's counterclaim that he had, or

might have had, against Hardee's as of June 19, 1996.

In North Carolina, a party who signs a general release discharges all claims it had against the party released. *See Spivey v. Lowery,* 116 N.C.App. 124, 446 S.E.2d 835, 837 (N.C.App.1994), *disc. rev. denied,* 338 N.C. 312, 452 S.E.2d 312 (N.C.1994). Summary judgment is an appropriate mechanism to dismiss claims that are subject to a release. *See Sykes v. Keiltex Indus., Inc.,* 123 N.C.App. 482, 473 S.E.2d 341, 344–45 (N.C.App.1996) (affirming summary judgment).

In his response to Hardee's motion, Oreel contends that the claims he asserts did not accrue until after the signing of the general release. Generally, a cause of action does not accrue until there has been a breach of duty which gives rise to the right to institute and maintain an action. *See Pierson v. Buyher,* 330 N.C. 182, 409 S.E.2d 903, 905–06 (1991).

In this case, the claims asserted by Oreel are based on alleged misconduct that either (a) occurred after June 19, 1996, or (b) started before June 19, 1996 and continued after that date. Viewing the facts in the light most favorable to the nonmovant Oreel, the Court can not find that Hardee's is entitled to judgment as a matter of law on any of Oreel's eight claims for relief in their entirety. However, that part of Oreel's counterclaim that attempts to state a cause of action for Hardee's alleged failure to provide services and properly handle the advertising fund prior to June 19, 1996, fails as a matter of law because of the general release, as Oreel concedes in his response to Hardee's motion. Oreel may continue to pursue his claims for relief to the extent that they are founded on alleged misconduct which continued after June 19, 1996. Furthermore, Oreel may continue to assert any claim based on alleged wrongful conduct which first occurred after June 19, 1996.

Consequently, Hardee's Motion for Partial Summary Judgment as to Oreel's counter claim must be granted, but only to the extent described above.

*CONCLUSION*

For the reasons discussed above, Plaintiff's Motion for Summary Judgment on the Promissory Note is hereby denied, and Plaintiff's Motion for Partial Summary Judgment on the Defendant's Counterclaim is hereby granted, in part.

SO ORDERED.