ROBINSON v. STATE OF N.C.

[133 N.C. App. 68 (1999)]

---

DELORES D. ROBINSON, Plaintiff-Appellee v. STATE OF NORTH CAROLINA, EAST CAROLINA UNIVERSITY, Defendant-Appellant

No. COA98-610

(Filed 20 April 1999)

**Tort Claims Act— Industrial Commission finding of negligence—evidence sufficient**

It could not be said that the Industrial Commission erred by finding defendant negligent where plaintiff was injured by a falling light fixture, defendant stipulated that the University owned the building and was responsible for electrical repairs, one of defendant's electricians had worked on the light near the time of the accident, that electrician testified that the light could not fall without someone working on it or messing with it and that he would be the one to work on it, and the light was accessible only by a ladder. The Court of Appeals may not substitute its judgment for that of the Commission if there was competent evidence to support the Commission's findings.

Chief Judge EAGLES dissenting.

Appeal by defendant from decision and order entered 10 March 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 February 1999.

*Gray, Newell & Johnson, L.L.P., by S. Camille Payton, for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Don Wright, Assistant Attorney General, for the State.*

ROBINSON v. STATE OF N.C.

[133 N.C. App. 68 (1999)]

EDMUNDS, Judge.

Plaintiff was employed by the Pitt County Department of Social Services as an Income Maintenance Case worker. As part of her job, she used various satellite offices to interview clients for Medicaid eligibility. On 5 April 1994, while working at the Pitt County Mental Health Center in Bethel, a light fixture fell from the ceiling onto her head, causing injury. The building housing the Center is owned and maintained by East Carolina University School of Medicine, which is responsible for electrical repairs and services of the building.

Plaintiff filed a tort claim and a workers' compensation claim against the State of North Carolina (East Carolina University). The claims were consolidated for hearing before a Deputy Commissioner, who issued a decision and order in defendant's favor. Plaintiff appealed to the Full Commission, which reversed the findings of the Deputy Commissioner (one Commissioner dissenting) and awarded plaintiff damages. Defendant appeals. We affirm.

The only issue before this Court is whether the Commission erred in finding defendant negligent. In order to prevail on a negligence claim, a plaintiff must prove that (1) defendant owed a duty to plaintiff, (2) defendant breached that duty, (3) the breach was the proximate cause of injury, and (4) damages resulted from the breach. *See Lamm v. Bissette Realty*, 327 N.C. 412, 395 S.E.2d 112 (1990).

"The Commission's fact findings will not be disturbed on appeal if supported by any competent evidence even if there is evidence in the record which would support a contrary finding." *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 432, 342 S.E.2d 798, 803 (1986) (quoting *Jones v. Desk Co.*, 264 N.C. 401, 141 S.E.2d 632 (1965)). Additionally, if a finding is a mixed question of law and fact, "it is also conclusive if supported by competent evidence." *Thomas v. Overland Express, Inc.*, 101 N.C. App. 90, 95, 398 S.E.2d 921, 924 (1990), *disc. review denied*, 328 N.C. 576, 403 S.E.2d 522 (1991). This Court may not substitute its judgment for that of the Commission if there was competent evidence to support its findings and if those findings support its legal conclusions. *See Keel v. H & V Inc.*, 107 N.C. App. 536, 421 S.E.2d 362 (1992). Here we find there was competent evidence to support the Commission's findings. Defendant owed a duty of reasonable care to plaintiff. *See Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). Defendant stipulated that the University owned the building and was responsible for electrical repairs. One of defendant's electricians had worked on the light that fell near the time of the accident.

ROBINSON v. STATE OF N.C.

[133 N.C. App. 68 (1999)]

That electrician testified that the light could not fall without "somebody working on it or messing with it." He further admitted that he would be the one to work on the light, and that the light was accessible only by means of a ladder. As a result of improper work done to the fixture, it fell, injuring plaintiff. While defendant presented conflicting evidence, in light of deferential standard of review, we cannot say that the Commission erred in its findings of fact or conclusions of law.

Affirmed.

Judge WYNN concurs.

Chief Judge EAGLES dissents.

Chief Judge EAGLES dissenting.

I respectfully dissent. I agree with the dissenting opinion in the Industrial Commission that plaintiff has presented no evidence that Mr. Smith breached a duty to plaintiff or that any alleged breach of duty was the proximate cause of plaintiff's injury. A plaintiff asserting a negligence claim has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's injury. *Swann v. Len-Care Rest Home*, 127 N.C. App. 471, 475, 490 S.E.2d 572, 575 (1997), *rev'd on other grounds*, 348 N.C. 68, 497 S.E.2d 282 (1998). The evidence must be sufficient to raise more than speculation, guess, or mere possibility. *Id.* Here, plaintiff's evidence raised no more than the mere possibility that Mr. Smith replaced a light bulb in the light fixture that fell on plaintiff's head. The electrician testified that he replaced light bulbs *somewhere* in the building around the time of the accident, but that "I don't know whose office it was" and "I can't remember working on that one particular fixture." Furthermore, even if Smith did replace a bulb in the light fixture that injured plaintiff, plaintiff offered no evidence whatsoever that Smith acted negligently in doing so. Smith testified that even if he had replaced a bulb on the light fixture in question he would have reported anything "out of the ordinary" to his supervisor. I cannot agree with the majority that plaintiff produced sufficient evidence that Mr. Smith breached a duty to plaintiff.

Even if plaintiff had produced sufficient evidence of breach, plaintiff did not meet her burden of proving that any alleged negligence was the proximate cause of plaintiff's injuries. Our Supreme

STRICKLAND v. STATE FARM MUT. AUTO. INS. CO.

[133 N.C. App. 71 (1999)]

Court has defined proximate cause as "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred . . . ." *Adams v. Mills*, 312 N.C. 181, 192, 322 S.E.2d 164, 172 (1984). Here, there is no evidence of record to establish how long a time passed between the electrician's *alleged* repairs to the light fixture and plaintiff's injury. As the dissenting opinion in the Industrial Commission noted, "a number of people were coming and going into the Mental Health Center in Bethel [between the alleged repairs and plaintiff's injury] and may have had access to the office in question." Accordingly, plaintiff produced no evidence of an unbroken connection between any alleged negligent action by Mr. Smith and plaintiff's injury.

In summary, plaintiff's evidence showed only that 1) as the owner of the building, defendant university had a duty to plaintiff to act with reasonable care in conducting maintenance and repairs of the light fixture in question; 2) that defendant's electrician replaced a light bulb *somewhere* in the building *sometime* before the injury; 3) and that plaintiff was injured when a light fixture in the building fell on her head. Accordingly, plaintiff failed to meet her burden in presenting sufficient evidence of two requisite elements of negligence—breach and proximate cause. *See Young v. Fun Services-Carolina, Inc.*, 122 N.C. App. 157, 468 S.E.2d 260, *review denied*, 344 N.C. 444, 476 S.E.2d 134 (1996). For these reasons I respectfully dissent and vote to reverse.