POMPANO MASONRY CORPORATION, PLAINTIFF v. HDR ARCHITECTURE, INC., DEFENDANT

No. COA03-43

(Filed 20 July 2004)

## 1. Construction Claims— breach of duty—negligent performance as project expediter—economic loss

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, based on N.C.G.S. § 143-128 or lack of privity of contract with plaintiff subcontractor, because: (1) although a subcontractor is allowed to submit to its own prime contractor its claims against a separate prime contractor, the subcontractor is not required to follow such a procedure; (2) defendant may be held liable for the foreseeable economic injury resulting from its alleged negligent performance of its duties as project expediter; and (3) while no privity of contract exists between defendant and plaintiff, a working relationship and community of interests exists allowing plaintiff to sue defendant for the economic loss resulting from defendant's alleged breach of its common law duty of care.

## 2. Statutes of Limitation and Repose— statute of limitation—negligence

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, on the grounds that plaintiff subcontractor's claim was barred by the statute of limitations, because: (1) N.C.G.S. § 1-52 imposes a three-year statute of limitations for negligence actions and the action accrues at the time plaintiff discovers or reasonably should have discovered the

POMPANO MASONRY CORP. v. HDR ARCHITECTURE, INC.

[165 N.C. App. 401 (2004)]

injury or damage as long as it is within ten years of defendant's negligence; (2) plaintiff filed its negligence action within three years of its discovery of defendant's alleged negligence during the June 1998 coordination meetings; and (3) it cannot be concluded as a matter of law that plaintiff reasonably should have discovered the damages or negligence prior to the coordination meetings.

**3. Negligence— contributory negligence—participation in planning and approval of project schedule—proximate cause**

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, on the ground that plaintiff subcontractor's claim was barred by plaintiff's own contributory negligence, because: (1) whether plaintiff had a duty as a subcontractor to participate in the project planning and scheduling as early as February 1998 is a question for the jury; and (2) assuming arguendo that plaintiff was negligent in not participating in the planning and approval of the project schedule, there was no clear indication in the record that such negligence was the proximate cause of plaintiff's injury and damages.

**4. Contracts— assumption of risk—lack of privity of contract**

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, on the ground that plaintiff subcontractor assumed the risk of injury by entering into its subcontract with another prime contractor, because: (1) defendant failed to allege any contractual relationship between itself and plaintiff, and defendant also challenged plaintiff's right to sue defendant based on lack of contractual privity; and (2) assumption of risk is not available as a defense to one not in a contractual relationship to plaintiff.

**5. Damages and Remedies— failure to mitigate damages— summary judgment**

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, on the ground that plaintiff subcontractor failed to mitigate damages, because failure to mitigate damages is not an absolute bar to all recovery even though a plaintiff is barred from recovering for those

POMPANO MASONRY CORP. v. HDR ARCHITECTURE, INC.

[165 N.C. App. 401 (2004)]

losses which could have been prevented through plaintiff's reasonable efforts.

**6. Damages and Remedies— home office expenses—summary judgment**

The trial court erred in a negligence action by granting summary judgment in favor of defendant, a separate prime contractor also serving as project expediter, on the ground that plaintiff subcontractor is prevented from recovering home office expenses, because: (1) although a plaintiff is not entitled to recover any home office expenses not contemplated in their contract with a defendant, no such contract or privity exists between plaintiff and defendant in the instant case; and (2) assuming arguendo that plaintiff is in fact prevented from recovering home office expenses, the trial court is authorized only to dismiss plaintiff's claims to those particular damages and not plaintiff's entire claim.

Appeal by plaintiff from judgment entered 30 August 2002 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Smith, Currie & Hancock LLP, by Harry R. Bivens and David Hill Bashford, for plaintiff-appellant.*

*Moore & Van Allen, PLLC, by George V. Hanna, III, and Robert C. Bowers, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Pompano Masonry Corporation ("plaintiff") appeals the trial court order granting summary judgment in favor of HDR Architecture, Inc. ("defendant"). For the reasons discussed herein, we reverse the trial court's order.

The evidence presented upon the motion for summary judgment tends to show the following: In 1995, the University of North Carolina ("UNC") entered into a public construction project contract with defendant, whereby defendant was to oversee the project design work related to the construction of the Biological Science Research Center at the University of North Carolina at Chapel Hill ("the project"). In 1997, UNC and defendant entered into a contract that named defendant "project expediter." As project expediter, defendant was responsible for preparing the project schedule and overseeing and

coordinating the work between various prime contractors and sub-contractors. Metric Constructors, Inc. ("Metric") served as the prime contractor for the general construction work of the project. In early 1998, Metric entered into a subcontract with plaintiff, whereby plaintiff agreed to perform the masonry work for the project.

On 10 February 1998, defendant prepared the first Project Schedule ("10 February Project Schedule") for the project. The 10 February Project Schedule provided that concrete masonry work would begin on 22 June 1998, after the initiation of the mechanical, electrical, and plumbing ("MEP") work. The 10 February Project Schedule also provided that plaintiff's masonry work would be completed on 25 March 1999.

On 16 June 1998, plaintiff's representatives attended a coordination meeting at the project site. At the coordination meeting, plaintiff criticized the scheduling and sequencing of the MEP work in the 10 February Project Schedule. Plaintiff provided defendant with input as to the scheduling and sequencing of the MEP work and requested that plaintiff's masonry work be rescheduled ahead of the MEP work for efficiency reasons. The prime contractors, plaintiff, and defendant each agreed to reschedule plaintiff's work prior to the MEP work but after completion of Metric's concrete work. The subcontract between Metric and plaintiff remained unsigned.

In July 1998, plaintiff was notified that Metric's concrete work had progressed to the point where masonry work could begin. However, plaintiff refused to sign the subcontract with Metric, and in plaintiff's absence, the MEP work began. On 13 July 1998, plaintiff notified Metric that plaintiff would incur $127,924 in additional costs in order to perform masonry work after the MEP work. On the same day, plaintiff began its masonry work on the project, and on 15 July 1998, plaintiff signed the subcontract with Metric.

Plaintiff completed its masonry work on the project on 10 November 1999, eight months after the original completion date indicated by the 10 February Project Schedule, and fifteen months after the actual start date of the masonry work. On 31 May 2001, plaintiff filed a Complaint alleging that defendant "fail[ed] . . . to properly schedule and coordinate the work on the [p]roject," and that as a result, "[plaintiff] was forced to perform out-of-sequence work and incurred significant disruptions to its work, substantially impairing [plaintiff's] ability to efficiently perform its work. . . . thereby increasing [plaintiff's] costs to perform its work." Defendant filed an Answer

asserting that plaintiff was "responsible, through its own action or omissions, for some or all of the acts and omissions alleged to have been committed by [defendant]," and that plaintiff "knowingly and voluntarily assumed the risk of any delays or other problems that were in existence or were reasonably foreseeable at the time [p]laintiff undertook its [work on the project]."

On 10 July 2002, defendant moved the trial court for summary judgment, stating, *inter alia*, the following:

Plaintiff's claim is barred by the applicable statute of limitations, the economic loss doctrine, the lack of any contractual or statutory relationship between [p]laintiff and [defendant], and [p]laintiff's failure to pursue its alleged damages through the claims of its prime contractor. . . . Additionally, [p]laintiff's claim is barred by its own contributory negligence, by its assumption of risk, and by its failure to mitigate its alleged damages.

On 30 August 2002, the trial court granted summary judgment in favor of defendant. Plaintiff appeals.

The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant. Because we conclude defendant was not entitled to judgment as a matter of law, we hold that the trial court erred in granting summary judgment in favor of defendant.

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Summary judgment is appropriate when, "viewed in the light most favorable to the non-movant[,]" *Id.*, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The party moving for summary judgment must establish that no triable issue of material fact exists " 'by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.' " *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quoting

POMPANO MASONRY CORP. v. HDR ARCHITECTURE, INC.

[165 N.C. App. 401 (2004)]

*Collingwood v. General Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

Statutory and Contractual Bars to Recovery of Economic Loss

[1] Defendant contends that plaintiff's negligence action was barred by the lack of any contractual or statutory relationship between defendant and plaintiff. According to defendant, N.C. Gen. Stat. § 143-128 (2003) and the cases interpreting it require that plaintiff first submit its claims against defendant to Metric, its prime contractor. We disagree.

N.C. Gen. Stat. § 143-128(a1) (2003) provides as follows:

Construction methods.—The State, a county, municipality, or other public body shall award contracts to erect, construct, alter, or repair buildings pursuant to any of the following methods:

(1) Separate-prime bidding.

(2) Single-prime bidding.

(3) Dual prime bidding pursuant to subsection (d1) of this section.

(4) Construction management at risk contracts pursuant to G.S. 143-128.1.

(5) Alternative contracting methods authorized pursuant to G.S. 143-135.26(9).

N.C. Gen. Stat. § 143-128(b) (2003) provides further that where the State chooses to award contracts to multiple contractors:

Each separate contractor shall be directly liable to the State of North Carolina, or to the county, municipality, or other public body and to the other separate contractors for the full performance of the separate contracts and in accordance with the plans and specifications, which shall specifically set forth the duties and obligations of each separate contractor.

The statute defines a "separate contractor" as "any person, firm or corporation who shall enter into a contract with the State, or with any county, municipality, or other public entity to erect, construct, alter or repair any building or buildings, or parts of any building or buildings." *Id.* Thus, under N.C. Gen. Stat. § 143-128, "a prime contractor may be sued by another prime contractor working on a construction

POMPANO MASONRY CORP. v. HDR ARCHITECTURE, INC.

[165 N.C. App. 401 (2004)]

project for economic loss foreseeably resulting from the first prime contractor's failure to fully perform 'all duties and obligations due respectively under the terms of the separate contracts.' " *Bolton Corp. v. T.A. Loving Co.*, 94 N.C. App. 392, 396, 380 S.E.2d 796, 800, *disc. review denied*, 325 N.C. 545, 385 S.E.2d 496 (1989). However, the statute does not provide an express remedy for the circumstances of the instant case, where a subcontractor has sued a separate prime contractor that also served as project expediter.

In *Bolton*, a heating and ventilating prime contractor sued a project expediter for the project expediter's breach of its contract with the State. The prime contractor claimed that the project expediter's breach caused the prime contractor and its subcontractor "undue delay" and damages. This Court recognized initially that the suit was based not in tort, but upon the provisions of N.C. Gen. Stat. § 143-128. *Id.* at 396, 380 S.E.2d at 799. We concluded that the subcontractor's claims against the project expediter were properly brought by the prime contractor because "[a] contractor may recover from an owner its subcontractor's 'extra costs and services wrongfully demanded' when the subcontractor is not in privity with the owner and could not recover directly." *Id.* at 407, 380 S.E.2d at 806 (quoting *United States v. Blair*, 321 U.S. 730, 737 (1944)). Interpreting the terms of the contract between the project expediter and the State, we concluded the following:

> There is no privity of contract between the subcontractor and the [State], nor the subcontractor and the other primes. The subcontractor is viewed under the contract as a mere employee or agent of the prime contractor.

*Id.* at 408, 380 S.E.2d at 806.

In the instant case, defendant contends that because no privity exists between it and plaintiff, *Bolton* requires plaintiff to first submit its claims "up the chain" to Metric rather than directly against defendant. However, we note that *Bolton* merely *allows* a subcontractor to submit to its own prime contractor its claims against a separate prime contractor—the decision does not *require* the subcontractor to follow such a procedure. Furthermore, we also note that this Court's decision in *Bolton* does not overrule our previous decision in *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255 S.E.2d 580, *disc. review denied*, 298 N.C. 295, 259 S.E.2d 911 (1979).

In *Davidson*, a general contractor and its subcontractors sued an architect for the architect's failure to reasonably conduct its examinations and inspections of the soil conditions and foundations adjoining a county building site. The trial court dismissed the subcontractor's complaints for failure to state a claim upon which relief may have been granted. On appeal, this Court reversed the trial court and held that "in the absence of privity of contract[,] an architect may be held liable to a general contractor and his subcontractors for economic loss resulting from breach of a common law duty of care." *Id.* at 666, 255 S.E.2d at 583-84. We noted that "a complete binding contract between the parties is not a prerequisite to a duty to use due care in one's actions in connection with an economic relationship, nor is it a prerequisite to suit by a contractor against an architect." *Id.* at 666, 255 S.E.2d at 584. We further concluded that

> [a]n architect, in the performance of his contract with his employer, is required to exercise the ability, skill, and care customarily used by architects upon such projects. 5 Am. Jur. 2d, Architects, § 8, pp. 669-70. Where breach of such contract results in foreseeable injury, economic or otherwise, to persons so situated by their economic relations, and community of interests as to impose a duty of due care, we know of no reason why an architect cannot be held liable for such injury.

*Id.* at 667, 255 S.E.2d at 584.

In the instant case, we conclude defendant may be held liable for the foreseeable economic injury resulting from its alleged negligent performance of its duties as project expediter. As we recognized in *Davidson*, "[l]iability arises from the negligent breach of a common law duty of care flowing from the parties' working relationships." *Id.* In the instant case, while no privity of contract exists between defendant and plaintiff, a "working relationship" and "community of interests" clearly exists. Thus, while plaintiff could not maintain a cause of action against defendant grounded upon defendant's negligent performance of its contract with the State, *Davidson* authorizes plaintiff to sue defendant for the economic loss resulting from defendant's alleged breach of its common law duty of care, despite the fact that no privity exists between plaintiff and defendant. *Id.*

"The project expediter is charged with using proper procedures to obtain information to evaluate the progress of the project." *Bolton*, 94 N.C. App. at 398, 380 S.E.2d at 801 (citing Goldberg, *The Owner's Duty to Coordinate Multi-Prime Construction Contractors, A*

POMPANO MASONRY CORP. v. HDR ARCHITECTURE, INC.

[165 N.C. App. 401 (2004)]

*Condition of Cooperation*, 28 Emory L.J. 377, 385-87 (1979)).
Plaintiff's Complaint recognizes this duty and claims that defendant
breached its duty as project expediter by failing to properly schedule
the work, failing to maintain a reasonable and workable project
schedule, failing to give adequate and reasonable notice to the sub-
contractors regarding the sequencing of work to ensure efficient
coordination of all phases of the work, and failing to properly incor-
porate into the schedule the subcontractors' input regarding the
sequencing of work. Based upon our holding in *Davidson*, we con-
clude plaintiff stated a proper cause of action for negligence in the
instant case. Therefore, we hold that summary judgment was
improper on the grounds that plaintiff's claim was barred by N.C.
Gen. Stat. § 143-128 or the absence of privity of contract.

## Statute of Limitations

[2] Defendant also contends that plaintiff's claim is barred by the
applicable statute of limitations. We disagree.

N.C. Gen. Stat. § 1-52 (2003) imposes a three-year statute of limi-
tations for negligence actions. The negligence action accrues at the
time the plaintiff discovers, or reasonably should have discovered,
the injury or damage, as long as it is within ten years of the defend-
ant's negligence. N.C. Gen. Stat. § 1-52(16) (2003).

In the instant case, plaintiff filed its negligence action within
three years of its discovery of defendant's alleged negligence during
the June 1998 coordination meetings. Furthermore, we cannot con-
clude as a matter of law that plaintiff reasonably should have discov-
ered the damages or negligence prior to the coordination meetings.
Therefore, we hold that summary judgment was improper on the
grounds that plaintiff's claim was barred by the statute of limitations.

## Contributory Negligence

A trial court may grant summary judgment in a negligence case
where the "uncontroverted" evidence establishes that the defendant
"failed to use ordinary care and that want of ordinary care was at
least one of the proximate causes of injury." *DiOrio v. Penny*, 331
N.C. 726, 728, 417 S.E.2d 457, 459 (1992). A trial court may also grant
summary judgment in a negligence action where the evidence fails to
show negligence on the part of defendant, or where contributory neg-
ligence on the part of plaintiff is established. *Hale v. Power Co.*, 40
N.C. App. 202, 203, 252 S.E.2d 265, 267, *disc. review denied*, 297 N.C.
452, 256 S.E.2d 805 (1979). However, "[t]he existence of contrib-

utory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002).

Our Supreme Court has held that "[a] plaintiff is contributorily negligent when he fails to exercise such care as an ordinarily prudent person would exercise under the circumstances in order to avoid injury." *Newton v. New Hanover County Bd. of Education*, 342 N.C. 554, 564, 467 S.E.2d 58, 65 (1996). This Court has previously held that

> contributory negligence . . . may arise where a plaintiff knowingly exposes himself to a known danger when he had a *reasonable* choice or option to avoid that danger, or when a plaintiff heedlessly or carelessly exposes himself to a danger or risk of which he knew or should have known.

*Lashlee v. White Consol. Indus., Inc.*, 144 N.C. App. 684, 690-91, 548 S.E.2d 821, 825-26, *disc. review denied*, 354 N.C. 574, 559 S.E.2d 179 (2001) (citations omitted).

[3] In the instant case, defendant contends that plaintiff chose to ignore a clear invitation contained in its subcontract with Metric to participate in the project planning and scheduling. According to defendant, plaintiff thus aggravated and contributed to its own injury despite a reasonable opportunity to avoid the injury. We disagree.

Angelo Antenucci ("Antenucci"), one of plaintiff's officers in 1998, stated in his deposition that there had been no conversations between plaintiff and defendant regarding the scheduling or sequencing of the project prior to the June 1998 coordination meeting. Antenucci also stated that plaintiff would ordinarily participate in those meetings in other projects. However, Antenucci further stated that plaintiff would not participate in coordination meetings "too far early into the project . . . if masonry wouldn't start, you know, for three months down the road."

We conclude a genuine issue as to a material fact remained regarding plaintiff's contributory negligence. Whether plaintiff had a duty as a subcontractor to participate in the project planning and scheduling as early as February 1998 is a question for the jury. Furthermore, assuming *arguendo* that plaintiff was negligent in not

participating in the planning and approval of the project schedule, there is no clear indication in the record that such negligence was the proximate cause of plaintiff's injury and damages. Thus, a genuine issue of fact exists in the instant case regarding not only whether plaintiff was negligent but also whether plaintiff's failure was the proximate cause of plaintiff's injury. Therefore, we hold that summary judgment was improper on the grounds that plaintiff's claim was barred by plaintiff's own contributory negligence.

## Assumption of Risk

[4] Defendant also contends that summary judgment was proper in the instant case because plaintiff assumed the risk of its alleged injury by entering into its subcontract with Metric. We disagree.

In the instant case, defendant failed to allege any contractual relationship between it and plaintiff in its pleadings, and on appeal to this Court defendant challenges plaintiff's right to sue defendant because of the lack of contractual privity between the parties. "It is well established in this jurisdiction that assumption of risk is not available as a defense to one not in a contractual relationship to the plaintiff." *McWilliams v. Parham*, 269 N.C. 162, 166, 152 S.E.2d 117, 120 (1967) (citations omitted). Therefore, we hold that summary judgment was improper on the grounds that plaintiff assumed the risk of its injury.

## Damages

[5] Defendant also contends that summary judgment was proper in the instant case because plaintiff failed to mitigate its damages and is barred from recovering its extended home office overhead damages. We disagree.

"In a negligence action, it is well settled the party wronged must use due care to minimize the loss occasioned by defendant's negligence." *Smith v. Childs*, 112 N.C. App. 672, 682-83, 437 S.E.2d 500, 507 (1993). However, "the failure to mitigate damages is *not* an absolute bar to all recovery; rather, a plaintiff is barred from recovering for those losses which could have been prevented through the plaintiff's reasonable efforts." *Id.* at 683, 437 S.E.2d at 507. Thus, in the instant case, plaintiff's alleged failure to mitigate damages does not serve as an absolute bar to its claim. Therefore, we hold that summary judgment was improper on the grounds that plaintiff failed to mitigate its damages.

**[6]** Defendant maintains that plaintiff is prevented from recovering home office expenses in its negligence claim, and that therefore summary judgment is proper in the instant case. We disagree.

Home office expenses are those expenses incurred by the plaintiff indirect of the damages proximately caused by the defendant. In *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123-26, 123 S.E.2d 590, 600-01 (1962), our Supreme Court concluded that the plaintiffs were not entitled to recover any home office expenses not contemplated in their contract with defendant. However, as discussed above, no such contract or privity exists between plaintiff and defendant in the instant case. Furthermore, assuming *arguendo* that plaintiff is in fact prevented from recovering its home office expenses, the trial court is authorized only to dismiss plaintiff's claims to those particular damages, not plaintiff's entire claim. Therefore, we hold that summary judgment was improper on the grounds that plaintiff's action contained improper claims for damages.

## Conclusion

Summary judgment is a "drastic measure, and it should be used with caution." *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979). "[I]t is seldom appropriate to grant summary judgment in a negligence action, [and] it is [only] proper if there are no genuine issues of material fact, and the plaintiff fails to demonstrate one of the essential elements of the claim." *Parish v. Hill*, 350 N.C. 231, 236, 513 S.E.2d 547, 550 (1999). As detailed above, we conclude that plaintiff is not barred from bringing the action in the instant case, and we also conclude that genuine issues of material fact remain in the action. Therefore, we hold that the trial court erred in granting summary judgment in favor of defendant.

Reversed.

Judges WYNN and ELMORE concur.