SCOTT & JONES, INC., Plaintiff v. CARLTON INSURANCE AGENCY, INC., and
HUGH CARLTON INDIVIDUALLY, Defendants

No. COA08-745

(Filed 7 April 2009)

**1. Statutes of Limitation and Repose— insurance agents— professional malpractice time limit—not applicable**

The four-year professional malpractice statute of limitations of N.C.G.S. § 1-15(c) did not apply to an action against an insurance agency where plaintiff was alleging that the agency had not obtained coverage of risks as promised. Case law does not support the argument that insurance agents provide professional services.

**2. Statutes of Limitation and Repose— insurance sales—discovery of uncovered risk**

The "discovery" provision of the statute of limitations in N.C.G.S. § 1-52(16) did not apply to extend the limitations period on a claim against an insurance agency for not procuring coverage. The absence of completed products coverage should have been apparent to plaintiff on the date plaintiff received the policy, or immediately upon the injury at the latest.

**3. Statutes of Limitation and Repose— insurance agency not procuring coverage—negligence—barred**

Plaintiff's negligence claim against an insurance agency for not procuring promised coverage was barred by the applicable 3 year statute of limitations where plaintiff filed its complaint 3 years and 9 months after the claim could possibly have accrued even if defendant had procured the coverage.

**4. Statutes of Limitation and Repose— insurance agency not procuring coverage—breach of contract—barred**

Plaintiff's claim for breach of contract against an insurance agency for not procuring the promised coverage was barred by the three-year statute of limitations where the complaint was filed about 3 years and 9 months after the date of the injury, which was the last possible date defendants could have breached their contract. Even if defendants had properly advised plaintiff and procured completed products coverage after a person was injured in a fall, it would have no effect on the current action.

Appeal by plaintiff from order entered 28 March 2008 by Judge Kenneth F. Crow in Superior Court, Duplin County. Heard in the Court of Appeals 20 November 2008.

*Eugene C. Covington, Jr., for plaintiff-appellant.*

*Cranfill Sumner & Hartzog LLP, by Susan K. Burkhart, for defendants-appellees.*

STROUD, Judge.

Plaintiff appeals order allowing defendants' motion for summary judgment. We affirm, as plaintiff's action is barred by the statute of limitations.

## I. Background

On 31 October 2006, plaintiff filed a complaint against defendants for negligence and breach of contract. Plaintiff alleged:

4. Defendants Carlton Insurance and Hugh Carlton, have acted as the insurance agent for Scott & Jones, Inc. for many years. Scott & Jones, Inc. is unsophisticated in the area of insurance and relied upon the Defendants for insurance advice and counsel. The Defendants undertook the responsibility of procuring and advising Scott & Jones, Inc. on the insurance coverage Scott & Jones needed in the operation of its business. Relying on the Defendants, Scott & Jones Inc. has for many years obtained commercial general liability policies of insurance in connection with the operation of the business of Scott & Jones, Inc.

5. On January 24, 2002, Ohio Casualty Insurance Company issued a commercial package policy and commercial general liability policy (hereinafter "Primary Policy"), Policy No. BKO(03)52 48 77 99 and a commercial umbrella coverage policy (hereinafter "Umbrella Policy"), Policy No. BKO(03) 52 48 77 99, to Plaintiff Scott & Jones, Inc. The policies effective dates were from March 1, 2002 to March 1, 2003. A true and accurate copy of these policies is attached hereto as Exhibit A. Both policies were procured by the Defendants for the Plaintiff Scott & Jones, Inc.

6. That on or about March 1998, Scott & Jones, Inc. in the normal course of their business, installed a grain silo at C&M Hog Farms, Inc., located in Latta, South Carolina.

7. That on February 3, 2003, an employee at C&M Hog Farms, Inc., Willie MacMillan, was severely injured and rendered paraplegic in a fall from the ladder that was attached to the silo installed by Scott & Jones, Inc. in March of 1998.

8. On October 6, 2004, a suit was filed by Willie MacMillan against Defendant Scott & Jones, Inc., et al. (hereinafter "McMillan Litigation["]) in the Court of Common Pleas, County of Dillon, South Carolina, arising out of the fall on February 3, 2003. The Complaint alleged that Scott & Jones was negligent in the installation of the grain silo in March of 1998. On November 15, 2004, the action was removed to the US District Court, Florence Division (#4:04-22972).

9. On March 14, 2005, a declaratory judgment action was filed by Ohio Casualty Insurance Company against Scott & Jones, Inc., in the US District Court, Florence Division (#4:05-807) to determine Ohio Casualty's obligations under its contracts of insurance with Scott & Jones, Inc. On August 25, 2006, the US District Court found in favor of Ohio Casualty Insurance Company, issuing an Order that Ohio Casualty has no duty to defend or indemnify Scott & Jones, Inc. in the McMillan Litigation inasmuch as the policies procured by the Defendants did not include a separate products completed operations coverage, leaving Scott & Jones, Inc, completely uninsured with regard to the MacMillan Litigation (See attached Exhibit B).

10. On August 18, 2006, judgment was entered in favor of MacMillan against Scott & Jones, Inc. in the amount of $5,000,000.00. (See attached Exhibit C).

11. That at all times relevant hereto, the Defendants represented and assured Scott & Jones, Inc. that the insurance coverage they had purchased covered all reasonable and necessary risks of Scott & Jones, Inc. business, including claims after completion of the Plaintiff's work.

On or about 6 February 2007, defendants filed an amended answer alleging several affirmative defenses, including the statute of limitations. On or about 21 February 2008, defendants filed a motion for summary judgment. On 28 March 2008, defendants' motion for summary judgment was allowed and plaintiff's action was dismissed with prejudice. Plaintiff appeals arguing the trial court erred in granting defendants' motion for summary judgment.

## II. North Carolina Rules of Appellate Procedure Violation

We [first] note that the argument section of appellant's brief is single spaced in violation of Rule 28(j) of the Rules of Appellate Procedure. . . . In our discretion, we do not impose sanctions upon counsel pursuant to Rule 34. However, counsel is admonished that compliance with the Rules of Appellate Procedure is mandatory.

*State v. Hudgins*, 195 N.C. App. ——, ——, —— S.E.2d ——, ——, (17 February 2009) (No. COA08-441).

### III. Statute of Limitations

The trial court's order did not state the specific reason for its order granting summary judgment in favor of defendant. However, defendant asserted several defenses, including the statute of limitations, in its amended answer. Plaintiff argues that the statute of limitations is not a proper ground upon which to base dismissal of its claims by summary judgment.

When the affirmative defense of the statute of limitations has been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period. On appeal from an order granting summary judgment, our standard of review is *de novo*, and we view the evidence in the light most favorable to the non-movant.

*Baum v. John R. Poore Builder, Inc.*, 183 N.C. App. 75, 80, 643 S.E.2d 607, 610 (2007) (citations and quotation marks omitted).

Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. However, where the statute of limitations is properly pled and the facts are not in conflict, the issue becomes a matter of law, and summary judgment is appropriate.

*Rowell v. N.C. Equip. Co.*, 146 N.C. App. 431, 434, 552 S.E.2d 274, 276 (2001) (citations and quotation marks omitted).

### A. Professional Malpractice

[1] Plaintiff argues that its claims for negligence and breach of contract constitute claims for professional malpractice, and thus the applicable statute of limitations is up to four years pursuant to N.C. Gen. Stat. § 1-15(c) and relevant case law, instead of three years pursuant to N.C. Gen. Stat. § 1-52, which identifies the statute of limita-

tions for general negligence and breach of contract claims. Plaintiff contends it is subject to the professional malpractice statute of limitations in N.C. Gen. Stat. § 1-15(c) because defendants breached a professional fiduciary duty. Though plaintiff argues that the professional malpractice statute of limitations is applicable in the present case, plaintiff has not directed us to, nor have we found, any North Carolina case in which the professional malpractice statute of limitations has been applied to insurance agents.

N.C. Gen. Stat. § 1-15(c) provides,

> Except where otherwise provided by statute, a cause of action for malpractice *arising out of the performance of or failure to perform professional services* shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action . . . .

N.C. Gen. Stat. § 1-15(c) (2005) (emphasis added).

Under the plain language of N.C. Gen. Stat. § 1-15(c), a cause of action for professional malpractice must arise from "the performance of or failure to perform professional services[.]" *See id.* Neither N.C. Gen. Stat. § 1-15(c), nor Chapter 1 in general provides a definition for "professional services" and our case law has not provided much additional assistance in defining this term. Our Supreme Court has noted that "[t]he term 'professional services' refers to those services where a professional relationship exists between plaintiff and defendant—such as a physician-patient or attorney-client relationship." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 665, 488 S.E.2d 215, 223 (1997) (citations and quotation marks omitted). In *Roberts v. Durham County Hosp. Corp.*, the plaintiffs argued N.C. Gen. Stat. § 1-15(c) "is unconstitutionally vague because it fails to define 'malpractice' or 'professional services' " and that "it is difficult to determine whether certain occupations fall within the statute so as to be entitled to assert the limitation period within N.C. Gen. Stat. § 1-15(c)." 56 N.C. App. 533, 537, 289 S.E.2d 875, 878 (1982), *aff'd per curiam,* 307 N.C. 465, 298 S.E.2d 384 (1983). Our Supreme Court determined that N.C. Gen. Stat. § 1-15(c) was not unconstitutionally vague as applied to a medical doctor and a hospital, noting that "[t]he potential vagueness of a statute as applied in hypothetical cases is no ground for holding the statute unconstitutional. A defendant cannot claim that a statute is unconstitutional in some of its reaches if it is constitutional as applied to him." *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 37 L. Ed. 2d 830 (1973)). The Court also stated that "[w]here a term

**SCOTT & JONES, INC. v. CARLTON INS. AGENCY, INC.**

[196 N.C. App. 290 (2009)]

such as . . . 'professional service' has been used over such a lengthy period of time that its usage has given the term well-defined contours such a term will not be found inadequate." *Id.* at 537-38, 289 S.E.2d at 878 (citation omitted). As we are not aware of any North Carolina case which has held that insurance agents are providers of "professional services" for the purpose of the statute of limitations in N.C. Gen. Stat. § 1-15(c), we certainly cannot cite to usage of the term as to insurance agents over "a lengthy period of time" nor does the term have "well-defined contours" as a "professional service" in the context of this case. *Id.*

In addition, we believe that *Pierson v. Buyher* is persuasive authority with which to conclude that insurance agents are not providers of "professional services" for purposes of the extended statute of limitations under N.C. Gen. Stat. § 1-15(c). 330 N.C. 182, 409 S.E.2d 903 (1991). The specific issue addressed in *Pierson* was "a narrow one: When does a cause of action accrue for negligent advice of an insurance agent when the person bringing the suit is the beneficiary of the life insurance policy issued in reliance on that advice?" *Id.* at 183, 409 S.E.2d at 904. In its discussion, the Supreme Court noted that the Court of Appeals had erred by analogizing the case to professional malpractice cases. *Id.* at 184, 409 S.E.2d at 905. The *Pierson* case had not been considered as a "professional service" or malpractice case by the trial court, as the trial court had cited N.C. Gen. Stat. § 1-52 in its dismissal of the action, and the plaintiff had conceded at oral argument before the Supreme Court that the insurance agent, defendant, "was not a professional[.]" *Id.* at 184-85, 409 S.E.2d at 905. Thus, although the Supreme Court was not directly addressing the issue of whether an insurance agent could be treated as a provider of a "professional service" under N.C. Gen. Stat. § 1-15(c), the Supreme Court stated that "[w]e therefore disavow the discussion of professional malpractice and N.C.G.S. § 1-15(c) in the Court of Appeals' opinion." *Id.* at 185, 409 S.E.2d at 905. As case law does not support plaintiff's argument that insurance agents provide "professional services", they are not subject to N.C. Gen. Stat. § 1-15(c) regarding professional malpractice. *See* N.C. Gen. Stat. § 1-15(c); *Pierson*, 330 N.C. 182, 409 S.E.2d 903; *Roberts* at 537-38, 289 S.E.2d at 878.

B. Discovery

**[2]** As to its professional malpractice claim, plaintiff cites N.C. Gen. Stat. § 1-15(c) as the applicable statute of limitations and argues that

the statute of limitations should be extended beyond the standard three year limitation because

> the loss or damage "originates under such circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin," such that it is "discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action," in which case "suit must be commenced within one year from the date discovery is made," and still no more than four years after the occurrence of the last act of the defendant. N.C. Gen. Stat. § 1-15(c); *Bolton v. Crone*, 162 N.C. App. 171, 589 S.E.2d 915 (2004); *Ramboot, Inc. v. Lucas*[,] 361 NC 695, 652 S.E.2d 650 (2007)[.]

Though we have determined that N.C. Gen. Stat. § 1-15(c) does not apply to this case, N.C. Gen. Stat. § 1-52 which governs the statute of limitations for negligence and breach of contract also contains a "discovery" provision. N.C. Gen. Stat. § 1-52(16) reads,

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property *becomes apparent or ought reasonably to have become apparent to the claimant*, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat. § 1-52(16) (2005) (emphasis added).

N.C. Gen. Stat. § 1-52(16) is also inapplicable to plaintiff's claim. It "ought reasonably to have become apparent" to the plaintiff that any claim under products completed coverage would not be covered as the second page of the policy in effect at the time of Mr. McMillan's injury reads in all caps, "PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT [-] EXCLUDED[.]" We therefore conclude that the absence of completed products coverage should have been apparent to plaintiff on the date plaintiff received the policy, *see id.*, or at the latest, it should have been apparent to plaintiff immediately upon Mr. McMillan's injury. Under these circumstances, plaintiff has no valid argument regarding extension of the statute of limitations due to late discovery of the lack of completed products coverage.

**SCOTT & JONES, INC. v. CARLTON INS. AGENCY, INC.**

[196 N.C. App. 290 (2009)]

C. Negligence

[3] Plaintiff alleges in its complaint:

13. Defendants were negligent, willful, wanton, reckless and grossly negligent in the following:

A. In failing to use reasonable skill, care, and diligence to procure proper insurance coverage;

B. In negligently conveying false advice;

C. In misrepresenting the scope of insurance coverage;

D. In breach of the fiduciary duty to inform Plaintiff that the policies did not cover completed products coverage;

E. In breach of the fiduciary duty to keep insured correctly informed as to its insurance coverage;

F. In failing to notify insured to procure insurance; and

G. In misrepresenting to insured that completed products coverage had been procured and was a part of the policies the Plaintiff purchased.

Plaintiff's brief contends that although the "last act of the defendant giving rise to the cause of action" was 3 February 2003, the date Willie McMillan ("Mr. McMillan") was injured, defendants' actions and/or inactions resulted in a "continuing breach of the fiduciary duty to procure, inform and not misrepresent the insurance coverage" even after 3 February 2003.

However, plaintiff's argument ignores the fact that even if defendants had procured completed products coverage for plaintiff after Mr. McMillan's fall, it would have no effect on the current action involving the injury of Mr. McMillan.[1] Therefore, the last date defendants could have negligently performed and/or negligently failed to perform any action that could have had any effect on plaintiff's alleged damages was 3 February 2003, the date of Mr. McMillan's injury.

"N.C. Gen. Stat. § 1-52 . . . imposes a three-year statute of limitations for negligence actions." *Pompano Masonry Corp. v. HDR*

---

1. We note that defendants' brief asserts that they "could have procured completed operations coverage that would have covered the McMillan claim" until 1 March 2003, the date of expiration of the policy which was in effect at the time of the injury. We are unaware of any insurance policy that allows for the purchase of coverage for an injury that has already occurred. Furthermore, defendants do not direct us towards any language in the policy or other documents which indicates that insurance could be purchased for coverage after the injury has occurred.

*Architecture, Inc.*, 165 N.C. App. 401, 409, 598 S.E.2d 608, 613, *disc. review allowed*, 359 N.C. 70, 604 S.E.2d 671 (2004), *appeal withdrawn*, 359 N.C. 412, 612 S.E.2d 130 (2005). "A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date." *Harrold v. Dowd*, 149 N.C. App. 777, 781, 561 S.E.2d 914, 918 (2002).

Plaintiff filed its complaint on 31 October 2006, approximately three years and nine months after its negligence claim could possibly have accrued; therefore, plaintiff's claim for negligence is barred by the statute of limitations. *See Pompano Masonry Corp.* at 409, 598 S.E.2d at 613.

D. Breach of Contract

[4] Plaintiff also alleges, "Defendants breached their contractual obligation [(1)] by failing to reasonably counsel the Plaintiff and [(2)] by failing to include completed products coverage in the insurance policies the Defendants sold to the Plaintiff."[2] However, plaintiff's argument again ignores the fact that even if defendants had properly advised plaintiff and procured completed products coverage after Mr. McMillan's fall, it would have no effect on the current action involving the injury of Mr. McMillan.

> Limitations of actions for breach of contract are governed by G.S. § 1-52(1), the three-year statute of limitations, which applies to actions 'upon a contract, obligation or liability arising out of a contract, express or implied,' with exceptions not pertinent to this case. The statute begins to run when the claim accrues; for a breach of contract action, the claim accrues upon breach.

*Miller v. Randolph*, 124 N.C. App. 779, 781, 478 S.E.2d 668, 670 (1996) (citations, brackets, and ellipses omitted).

Mr. McMillan fell on 3 February 2003. Plaintiff's complaint was not filed until 31 October 2006, approximately three years and nine months after the latest possible date defendants could have breached their contract. Thus, plaintiff's claim for breach of contract is barred by the statute of limitations. *See id.*

---

2. Plaintiff does not allege a breach of its insurance contract; the allegation is that plaintiff had a contract with defendant to provide advice regarding insurance coverage and to procure coverage. For purposes of this opinion only, we assume that such a contract existed and we need not decide whether this breach of contract claim could be a valid claim which is somehow separate and distinct from the negligence claim.

IV. Conclusion

We conclude that the trial court properly allowed defendant's motion for summary judgment.

AFFIRMED.

Judges CALABRIA and STEELMAN concur.