***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, or amend the Deputy Commissioner's Order, the Full Commission, upon reconsideration of the evidence, affirms and adopts the Deputy *Page 2 
Commissioner's Order, with some modifications, and enters the following Order.
 *********** PLAINTIFF'S MOTION TO SUBSTITUTE DEPUTYCOMMISSIONERS, MOTION FOR A CONTINUANCE, AND MOTION TO COMPEL
On April 21, 2010, Plaintiff moved for Orders seeking to substitute Deputy Commissioners, to continue the evidentiary hearing set before Deputy Commissioner Glenn, and to compel further discovery from Defendant. As grounds to substitute Deputy Commissioners, Plaintiff argued that Deputy Commissioner Glenn was biased, and she expressed concerns with regard to previous rulings made by him in this matter. As grounds to continue the evidentiary hearing set before Deputy Commissioner Glenn, Plaintiff argued that she needed additional time to prepare for the hearing and subpoena witnesses and documents. As grounds to compel further discovery from Defendant, Plaintiff argued that Defendant completed only 90 percent of the discovery requested by her, and that she had a right to receive the discovery requested by her in its entirety. Defendant did not submit a written response or objection to Plaintiff's April 21, 2010 Motions. However, the Full Commission notes Defendant's February 10, 2010 Response to Motion to Compel Discovery, filed in response to Plaintiff's January 29, 2010 second Motion to Compel Discovery, in which Defendant argued that it would be premature for discovery to proceed prior to a final determination of the statute of limitations issue. After consideration of the written arguments of Plaintiff and Defendant, Plaintiff's Motions are hereby DENIED.
 *********** ISSUE
The issue to be determined is whether Plaintiff complied with the applicable statute of limitations? *Page 3 
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about May 19, 2008, Plaintiff filed an Affidavit under the North Carolina Tort Claims Act alleging that beginning in 1977, she did not receive her court-ordered child support payments due to the negligence of Defendant.
2. Based upon the evidence presented, on or about April 22, 1977, a District Court Judge approved a Voluntary Support Agreement by and between Plaintiff, who acknowledged that she was the mother of the minor child, Dwight Eley, born April 16, 1974, Mr. Kenneth D. Gaston, who acknowledged that he was the father of the minor child and Ms. Maggie Eley, grandmother and payee for the child support proceeds of the minor child paid by the father.
3. On or about December 20, 1985, Plaintiff, Mr. Gaston, and the Nash County Department of Social Services entered into a Consent Order increasing the amount of child support to be paid by Mr. Gaston. Plaintiff signed this December 20, 1985 Consent Order.
4. On August 5, 2008, Defendant filed its Answer and Motion to Dismiss Plaintiff's May 19, 2008 Affidavit alleging, among other things, that Plaintiff's claim failed to comply with the applicable statute of limitations. On April 22, 2009, Deputy Commissioner Glenn filed an Order granting Defendant's Motion to Dismiss. On May 2, 2009, Plaintiff gave notice of appeal to the Full Commission.
5. Plaintiff alleged in her Affidavit that it was her understanding that her signature on the December 20, 1985 Consent Order simply acknowledged that she was the mother of the minor child. She contends that she was unaware of the child support payments made by Mr. *Page 4 
Gaston on behalf of the minor child, and that she never received any of them. However, paragraph number 10 of the findings of fact of the December 20, 1985 Consent Order states, "The mother of said minor does consent to this increase in the payments of defendant as evidenced by her signature affixed hereto." In addition, paragraph number three under the conclusions of law of the December 20, 1985 Consent Order states that the April 22, 1977 Voluntary Support Agreement remains "in full force and effect."
6. Defendant alleges that Plaintiff was an active participant in the aforementioned child support matter since at least December 20, 1985, and that if she did not receive any of the child support payments as ordered due to the negligence of Defendant, then her cause of action would have arisen as of December 20, 1985, or at the latest by April 16, 1992, when the minor child reached the age of majority. Defendant further alleges that because Plaintiff did not file her claim until May 19, 2008, North Carolina General Statutes, Section 1-52(c), which sets forth a three-year statute of limitation for negligence claims, operates as a bar to Plaintiff's claim. Thus, Defendant argues that Plaintiff failed to meet her burden of proving that she filed her claim within the applicable statute of limitations under Scott and Jones, Inc. v. CarltonInsurance Company, Inc., ___ N.C. App. ___,677 S.E.2d 848 (2009).
5. The Full Commission gives little, if any, weight to the testimony of Plaintiff.
6. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff failed to file her claim within the time allowed by the applicable statute of limitations.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. If a Plaintiff's claim is barred by the running of the statute of limitations, then the *Page 5 
Defendant is entitled to judgment as a matter of law, and summary judgment under § 1A-1, Rule 56 of the North Carolina General Statutes is appropriate. Brantley v. Dunstan,10 N.C. App. 706, 179 S.E.2d 878 (1971).
2. North Carolina General Statute § 1-52(c) provides that any claim based in negligence shall be filed within three years of the alleged acts or omissions that resulted in a loss of property or personal injury. N.C. Gen. Stat. § 1-52(c) (2009). Further, N.C. Gen. Stat. § 143-299 provides that all claims against the State of North Carolina shall be forever barred unless filed within three years of the accrual of such claim. N.C. Gen. Stat. § 143-299 (2009). In negligence claims, the cause of action accrues when the damages become or reasonably should have become apparent to the claimant. Everhart v. Sowers,63 N.C. App. 747, 306 S.E.2d 472 (1983), overruled on othergrounds; Hazelwood v. Bailey,339 N.C. 578, 453 S.E.2d 522 (1995). The rules regarding statutes of limitation are rigid, and even courts have no discretion when considering whether a claim is time-barred. Callahan v.Rodgers, 89 N.C. App. 250, 365 S.E.2d 717 (1988).
3. In the instant case, Plaintiff failed to meet her burden of proving that she filed her claim within the applicable statute of limitations. Scott and Jones, Inc. v. Carlton Insurance Company,Inc., ___ N.C. App. ___, 677 S.E.2d 848 (2009). Therefore, Defendant is entitled to dismissal of the claim as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (2009).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss under Rule 12(b)(6) of the North Carolina *Page 6 
Rules of Civil Procedure is hereby converted to a Motion for Summary Judgment under Rule 56 of the North Carolina Rules of Civil Procedure.
2. Defendant's Motion for Summary Judgment is hereby GRANTED.
3. Plaintiff's claim is hereby DISMISSED, WITH PREJUDICE.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1